## MATTHEWS *v.* DENSMORE and Others.

IN ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

Argued October 18th, 1883.—Decided November 12th, 1883.

*Courts—Officer—Trespass—Void and Voidable—Writ.*

1. A writ issuing from a court of competent jurisdiction, with power to compel its enforcement, and in a case where the cause of action and the parties to it are before the court and within its jurisdiction, is not void by reason of mistakes in the preliminary acts which precede its issue.

2. If not avoided by proper proceedings, it is in all other courts a sufficient protection to the officer executing it.

3. The marshal for the Eastern District of Michigan seized the goods of the defendants in error, under a writ of attachment issued from the circuit court of that district, on a defective affidavit: *Held*, That in proceedings in the State courts of Michigan against the marshal, the process is sufficient to protect him if the property seized under it was liable to be attached in that suit.

This was a writ of error to the Supreme Court of the State of Michigan.

The plaintiff in error was marshal of the United States for the Eastern District of that State, and under a writ of attachment from the circuit court levied on a stock of goods which was the subject of controversy. The defendants in error, who were not the parties named in the writ of attachment, sued Matthews, the marshal, in trespass, on the ground that they were the owners of the goods, and that the goods were not liable to the attachment under which the marshal acted.

To this action the defendant pleaded the general issue, with notice that he should rely on the writ of attachment and should prove that the goods were subject to be seized under it.

When the defendant, who was admitted to be the marshal, as he had alleged, offered in evidence the writ of attachment, the court refused to receive it, on the ground that it did not appear by the affidavit on which it was issued that the debt claimed by the plaintiff in the writ was due. As the plaintiffs in the present action were in possession of the goods when they were seized under the writ, this ruling of the court was decisive

of the case. The defendant excepted and brought the case here on writ of error; the assigned error being "the refusal to admit in evidence the writ of attachment and proceedings thereunder."

*Mr. Don M. Dickinson* for the plaintiff in error.

*Mr. O. M. Barnes* for the defendants. The only question for the court relates to construction of Michigan statutes. *M. C. R. R. Co.* v. *M. S. R. R. Co.*, 19 How. 378. There is no conflict of jurisdiction. *Buck* v. *Colbath*, 3 Wall. 334. The affidavit was fatally defective. *Cross* v. *McMaken*, 17 Mich. 511; *Wells* v. *Parker*, 26 Mich. 102; *Matthews* v. *Densmore*, 43 Mich. 461. The defect is jurisdictional, and may be questioned in collateral proceedings. *Greenvault* v. *Farmers' & Mechanics' Bank*, 2 Doug. (Mich.) 498; *Wilson* v. *Arnold*, 5 Mich. 98; *Drew* v. *Dequindrie*, 2 Doug. (Mich.) 93; *Hale* v. *Chandler*, 3 Mich. 531. The rule that a writ fair on its face protects the officer executing it does not apply when the officer is sued by a stranger to the writ. 1 Waterman on Trespass, § 467; 2 Hilliard on Torts, 135–6 and 7; *Rosenbury* v. *Angel*, 6 Mich. 508; *Cook* v. *Hopper*, 23 Mich. 511; *High* v. *Wilson*, 2 John. 45; *Rinchey* v. *Stryker*, 28 N. Y. 45. When the affidavit does not show the facts required by statute, the writ is absolutely void. Drake on Attachments, 3d ed., § 83 to 88.

MR. JUSTICE MILLER delivered the opinion of the court. After reciting the facts above stated, he continued:

The whole case turned on the trial in the local State court, as it did on the writ of error in the Supreme Court, which affirmed the judgment of the lower court, on the question of the validity of the writ of attachment in the hands of the marshal, and its sufficiency to protect him if the property seized under it was liable to be attached in that suit.

It is to be observed that this does not present a case where the validity of the writ is assailed by any proceeding in the court which issued it, either by a motion to set it aside as im-

providently issued, or to discharge the levy and return the property, or by appeal to a higher court of the same jurisdiction to correct the error of issuing it on an insufficient affidavit, but it is a proceeding in a court of another jurisdiction to subject an officer of the United States to damages as a trespasser for executing a writ of the court to which he owes obedience.

The Supreme Court of Michigan, whose judgment we are reviewing, says of this writ, in answer to the argument, that, being regular on its face, it should protect the officer: "No doubt the writ in this case must be regarded as fair on its face. Under the general law relating to attachments, where the suit is begun by that writ, the affidavit is attached to and in legal effect becomes a part of it; and if then the affidavit is void the writ is void also. But under an amendatory statute passed in 1867, which permits the issue of the writ in pending suits, the affidavit is filed with the clerk, and the officer to whom the writ is issued is supposed to know nothing of it. Comp. L., § 643. It was under the amendatory statute that the writ in this case was issued, and an inspection of its provisions shows that the writ contains all the recitals that the statute requires."

Here, then, we have a writ which is fair on its face, issued from a court which had jurisdiction both of the parties and of the subject-matter of the suit in the regular course of judicial proceeding by that court, and which the officer of the court in whose hands it was placed is bound to obey, and yet by the decision of the Michigan court it affords him no protection when he is sued there for executing its mandate.

We do not think this is the law. Certainly it is not the law which this court applies to the processes and officers of the courts of the United States and of other courts of general jurisdiction.

It had been supposed by many sound lawyers, after the case of *Freeman* v. *Howe*, 24 How. 450, that no action could be sustained against a marshal of the United States, in any case in a State court, where he acted under a writ of the former court; but in *Buck* v. *Colbath*, 3 Wall. 334, where this class of cases was fully considered, it was held that though the writ be a valid writ, if the officer attempt to seize property under it

which does not belong to the debtor against whom the writ issued, the officer is liable for the wrongful seizure of property not subject to the writ.

In the present case the officer is sued for that very thing, and offered to prove that the property attached was the property of the defendant in the attachment, and was liable to be seized under that writ, and that plaintiff in the present suit had no valid title to it, at least no title paramount to the mandate of the writ, but the State court refused to permit him to make that proof.

The ground of this ruling is that because there is a defect in the affidavit on which the attachment issued, that writ is absolutely void, and the officer who faithfully executed its commands stands naked before his adversary as a wilful trespasser.

It would seem that the mandatory process of a court of general jurisdiction, with authority to issue such a process and to compel its enforcement at the hands of its own officer, in a case where the cause of action and the parties to it are before the court and are within its jurisdiction, cannot be absolutely void by reason of errors or mistakes in the preliminary acts which precede its issue.

It may be voidable. It may be avoided by proper proceedings in that court. But when in the hands of the officer who is bound to obey it, with the seal of the court and everything else on its face to give it validity, if he did obey it, and is guilty of no error in this act of obedience, it must stand as his sufficient protection for that act in all other courts.

The precise point as to the validity of this writ of attachment was under consideration in this court in the case of *Cooper* v. *Reynolds*, 10 Wall. 308, in which the effect of an insufficient affidavit for a writ of attachment was set up to defeat the title to land acquired by a sale under the attachment. The case has been often quoted since, and is conclusive in the federal courts in regard to the validity of their own processes when collaterally assailed, as in the present case.

The court, after discussing the nature of the jurisdiction in cases of attachment, their relation to suits *in rem* and *in per-*

*sonam*, in answer to the question, On what does the jurisdiction of the court in that class of cases depend? answers it .thus :

"It seems to us that the seizure of the property, or that which in this case is the same in effect, the levy of the writ of attachment on it, is the one essential requisite to jurisdiction, as it unquestionably is in a proceeding purely *in rem*. Without this the court can proceed no further ; with it the court can proceed to subject that property to the demand of plaintiff. If the writ of attachment is the lawful writ of the court, issued in proper form under the seal of the court, and if it is by the proper officer levied upon property liable to the attachment, when such writ is returned into court the power of the court over the *res* is established. The affidavit is the preliminary to issuing the writ. It may be a defective affidavit, or possibly the officer whose duty it is to issue the writ may have failed in some manner to observe all the requisite formalities, but the writ being issued and levied, the affidavit has served its purpose, and though a revising court might see in some such departure from the strict direction of the statute sufficient error to reverse the judgment, we are unable to see how that can deprive the court of the jurisdiction acquired by the writ levied upon the defendant's property."

See *Voorhees* v. *Jackson ex. dem.*, *The Bank of the United States*, 10 Peters, 449 ; *Grignon* v. *Astor*, 2 How. 319.

If in a case where the title to land is to be divested by a proceeding in which its owner is not within the jurisdiction, and is never served with process nor makes any appearance, the writ on which the whole matter depends is held valid, though there be no sufficient affidavit to support it, how much more should the writ be held to protect the officer in a case where the defendant is in court and makes no objection to it, nor seeks to set aside or correct it, and where the court, before it issues the writ, has jurisdiction of the parties to the suit?

We think that when the writ is offered in a collateral suit against the officer who executed it, as evidence of the authority of the court to command him to attach the property of defendant in that suit, it is not void, though it might be avoided on a proper proceeding, and in the contest for the value of the goods seized with a stranger who claims them it

is sufficient to raise the issue of the liability of those goods to the exigency of the writ.

*The judgment of the Supreme Court of Michigan is reversed, with directions for further proceedings in conformity to this opinion.*