SARAH S. WESTCOTT v. ALEXANDER H. SHARP.

1. On reference to an auditor in attachment to ascertain the claims of the plaintiff and applying creditors, the debtor's family exemption cannot be examined and reported to the court.

2. If the affidavit for the writ be made by the plaintiff's attorney, without stating that the applicant is absent, it is irregular, *not void*, and can only be avoided by direct proceedings.

3. An applying creditor cannot claim the benefit of the writ by entering a rule for his admission and presenting his demand to the auditor, and afterwards attack its validity on exception to the auditor's report.

4. This court will not, on *certiorari*, reverse the judgment of the Circuit Court on the facts, upon exceptions to the auditor's report, where there is any legal evidence to sustain it.

5. The defendant changed a bank check, given to draw a sum of money lent to him, to a greater amount and drew it from the bank.—*Held,* that the drawer of the check was not a creditor, within the attachment act, except as to the smaller sum; that as to the balance there was no privity of contract, because it was unlawfully taken from the general fund of the bank and not from the specific fund of the drawer.

6. The right to waive a tort and bring an action for money had and received, applies where the defendant has obtained the plaintiff's money by fraud; but unless it be the plaintiff's money, there is no privity of contract, express or implied.

---

On *certiorari* to the Circuit Court of the county of Salem in the matter of attachment.

Argued at November Term, 1887, before Justices SCUDDER and PARKER.

For the plaintiff, *W. A. Logue.*

For the defendant, *A. Flanders.*

The opinion of the court was delivered by

SCUDDER, J.   An attachment was issued out of the Circuit Court against the defendant as a non-resident debtor, at the suit of the plaintiff.   The auditor appointed by the court ascertained, by the testimony of witnesses examined before

him, the sum due to the plaintiff, and to C. F. Mires, Jennie O. Dixon and Eliza Wilson, applying creditors, and made his report in writing. To this report exceptions were filed, which were heard by the court and overruled; the report was confirmed and judgment was ordered to be entered thereon. The objections to this judgment of the court are presented in behalf of Eliza Wilson, one of the applying creditors, and Emma E. Sharp, wife of the defendant, who claimed before the auditor, when he was examining the demands of the plaintiff and the applying creditors, that the debtor had a family residing in this state and they were entitled to his statutory exemption for their benefit. The auditor refused to act upon the claim of exemption while the examination was pending, or to include it in his report. The court sustained him in this refusal. Although the wife, as the head of the defendant's family, may, in case of his absence, claim the exemption (*Bonnel* v. *Dunn*, 5 *Dutcher* 435), yet as the auditor, at that stage of the proceedings, was only ascertaining the claims of the plaintiff and other applying creditors to report on them, the exemption demanded by the wife of the defendant could not be considered or allowed.

On behalf of Eliza Wilson, one of the applying creditors, several objections are made to the report and the judgment of the court thereon.

First. That the affidavit on which the writ was issued is defective and the court without jurisdiction. The answer made by the court below to this was that the objector being an applying creditor and in the position of an actor or plaintiff in the cause, could not make the objection. She submitted to the jurisdiction of the court by voluntarily making her claim under oath, by entering a rule in the minutes of the court admitting her as a creditor, and by presenting her demand to the auditor for adjudication. She cannot ask the benefit of the writ of attachment and attack its validity. But her counsel argues that the court and all parties to the proceedings are interested in having the action brought strictly within the statute, otherwise the judgment will be void and

no one can take any benefit by it. There is clearly a defect in the affidavit, for it is made against a non-resident debtor by the attorney of the plaintiff, when the statute says it must be made by the applicant for the attachment, or his agent if said applicant be absent. It is not said in the affidavit that the attorney is the applicant's agent, or that she is absent. The former might be accepted as an equivalent, but the omission to state the absence of the applicant is material. It appears also, by the proofs taken before the auditor, that when the affidavit was made the plaintiff resided and was present in Camden. On motion to quash the writ this objection would be fatal; but without some direct proceedings to annul it, the cause may proceed to judgment, the result being that it will be voidable, but not absolutely void. This was the judgment of the court in *Russel* v. *Work*, 6 *Vroom* 316, where there was an affidavit made by an attorney for a resident plaintiff, so appearing on the paper, and it was said that the justice's court, which is a court of record, acquired jurisdiction by the affidavit, so that its judgment, importing absolute verity, could not be assailed collaterally, but could only be vacated by direct proceedings. To the same effect is *Mathews* v. *Dinsmore*, 109 *U. S.* 216. This *certiorari* is a direct proceeding to review the judgment of the court below, but the proper party is not here to attack it on the ground of want of jurisdiction for the mistake made in the preliminary affidavit. An applying creditor cannot thus assail it, and the court, of its own motion, will not assume such control to defeat the judgment.

Second. The objection that the plaintiff failed to make sufficient proof of her demand before the auditor has been passed on by the Circuit Court, on an exception taken to the report, and its judgment will not be reversed on the facts, where there is any legal evidence to sustain it. *Greenway* v. *Mead*, 2 *Dutcher* 303; *Tewksbury* v. *Branchburg*, 15 *Vroom* 505. There is such evidence in this case.

Third. Another reason urged for reversal is that the claim of the prosecutrix, Eliza Wilson, for $900 was not allowed,

but a smaller sum, $9.60, was given to her in the report and
judgment. This demand was made against the defendant
because, as she testified, he had altered and raised a borrowed
bank check, given by her to him, from $9.60 to $900, and
had drawn that amount on it from her funds in the bank.
The auditor allowed the $9.60, the true amount of the check
representing the loan made to him, as an indebtedness, but
disallowed the balance because it was not a debt or sum due
on contract, express or implied, and could not be made a
claim under attachment. It is urged by the prosecutrix's
counsel, as it was also insisted before the auditor and the
court below, that she had the option to waive the tort and sue
for the amount fraudulently taken from the bank by forgery,
as money had and received for her use. The general princi-
ple of the right to waive the tort and bring an action for
money had and received, where the defendant has obtained
the plaintiff's money by fraud or false color or pretence, is
settled. 2 *Greenl. Ev.*, § 120. But it must be the plaintiff's
money which was taken by fraud, and there must be privity
of contract, express or implied, otherwise the action cannot be
sustained. *Nolan* v. *Manton,* 17 *Vroom* 231; *Moore* v.
*Moore,* 127 *Mass.* 21. This privity may be implied from
the fraudulent appropriation of another's money. In *Ser-
geant* v. *Stryker,* 1 *Harr.* 464, after a careful examination, it
was said that all the cases relied on for a recovery in an
action for money had and received, are such as go upon the
plaintiff's title to the specific fund; or where the third per-
son, having lawfully paid over the money, the plaintiff had
no remedy against him. There was in the present case no
specific fund in the bank belonging to the prosecutrix which
was drawn out, wholly or in part, by the check used by the
defendant. All money placed in bank by general deposit
and credited to the several depositors, becomes part of the
general fund of the bank, and the depositors are credited to
the amount of their several deposits, without the right to any
specific money. *Morse on Banking* 26. If a check be drawn
against the deposit, the money is paid, in the usual course of

business, from the general fund of the bank and charged or offset in the depositor's account. If the check is forged by alteration and changed amount, as is claimed in this case, without the fault of the depositor, there is no legal right to charge or offset it in her account, and her deposit is unaffected by it. The bank having by mistake paid the money, the depositor has her remedy against it, and the fraud doer is liable to the bank. The depositor cannot sue both, or either, at her election. The law will not imply the promise to pay where her money has not been paid and there is no privity of contract.

There was no error in the refusal of the auditor to allow the claim of the prosecutrix for the whole amount asked by her. The judgment of the Circuit Court will be affirmed, with costs.