## DE JAN v. DE JAN.

Circuit Court of Appeals, Fifth Circuit. April 16, 1927.

No. 4982.

1. United States marshals ⬤⇒3—Governor of Canal Zone may appoint deputy marshal (Panama Canal Act Aug. 24, 1912 [Comp. St. § 10037 et seq.]).

Governor of Canal Zone has power to appoint deputy marshal, on recommendation of marshal, under Panama Canal Act Aug. 24, 1912 (Comp. St. § 10037 et seq.).

2. United States marshals ⬤⇒3—Appointment and service of deputy marshal made him de facto officer, without taking oath of office.

Appointment and service of deputy marshal in Canal Zone held to make him de facto officer, notwithstanding failure to take oath of office.

3. Courts ⬤⇒433½—District Court in Canal Zone had jurisdiction of action for alimony under New York decree, where defendant had lived in hotel in Canal Zone for six months; "transient."

District Court in Canal Zone held to have jurisdiction of action for alimony due under New York divorce decree, where defendant had lived in hotel in Canal Zone for six months while engaged in business in republic of Panama, since he was not "transient," within meaning of executive order of July 28, 1910.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transient.]

4. Appeal and error ⬤⇒173(6)—In action for alimony, contention that alimony decree was not properly authenticated cannot be raised for first time on appeal.

In action in Canal Zone for alimony due under New York divorce decree, defendant's contention that such decree was not properly authenticated cannot be raised for first time on appeal, after he allowed judgment by default in trial court.

In Error to the District Court of the United States for the Canal Zone; Guy H. Martin, Judge.

Action by Winifred J. De Jan against Henry De Jan. Judgment for plaintiff, and defendant brings error. Affirmed.

Felix E. Porter, of Ancon, Canal Zone, for plaintiff in error.

William A. Van Siclen, of Balboa, Canal Zone, for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Winifred J. De Jan filed a verified petition against her husband, Henry De Jan, in the District Court of the Canal Zone, to recover judgment for alimony that had accrued in a divorce suit be-

tween the same parties under an order of the Supreme Court of New York. The petition contains averments to the following effect:

Plaintiff and defendant are both citizens of the United States. Defendant resides in, and is engaged in business in, the Canal Zone. The New York court entered an order in the divorce proceedings, requiring defendant to pay plaintiff $75 a week as alimony. That order was still in force, and under it $4,050 was due plaintiff by defendant. A certified copy of an order to the effect stated was attached to the petition. Summons was issued and served on the defendant at Ancon, in the Canal Zone, by Frank T. Hamlin, who purported to act as chief deputy United States marshal. Defendant appeared specially and moved to quash the service, on the grounds that there was no provision of law authorizing the appointment of a deputy marshal for the Canal Zone, and that Hamlin had never qualified by taking oath of office.

By other grounds of that motion, as well as by special pleas, defendant attacked the jurisdiction of the trial court to enforce the New York judgment for alimony in any case, and particularly as against him, because he alleged that he was not engaged in business in the Canal Zone, did not reside or own any property therein, but was served with summons while he was transiently at a public hotel within the limits of the Canal Zone government. Evidence was taken before the District Judge on the questions of fact raised by defendant, from which it appears that he had been living at the Hotel Tivoli at Ancon, in the Canal Zone, for six months then next preceding, while he was engaged in business in the republic of Panama. It further appeared, with reference to Hamlin's authority to act as deputy marshal, that, upon the recommendation of the marshal, the Governor of the Canal Zone had approved his appointment, and that, while Hamlin had never taken an official oath, he had acted as deputy marshal, and had been paid as such under two successors of the Governor who approved the appointment.

Upon this evidence the District Judge denied the motion to quash and overruled the pleas to the jurisdiction. Defendant elected to stand on them, and declined to answer or offer evidence on the merits. Thereupon judgment by default was entered, and later a final judgment in favor of the plaintiff for $4,050, on account of alimony past due, as prayed in the petition. Defendant assigns as error the rulings of the trial court on his motion and special pleas.

[1, 2] In our opinion the rulings of the District Judge were correct. In Fullerton v. Government of the Canal Zone, 8 F.(2d) 966, this court held that the Governor of the Canal Zone had the power to appoint an assistant district attorney, under the Panama Canal Act of August 24, 1912, 37 Stat. 564 (Comp. St. § 10037 et seq.). The same authority is given by that act for the appointment of a deputy marshal as is given for the appointment of an assistant district attorney. Hamlin's appointment and service made him a de facto officer, notwithstanding his failure to take an oath of office. Wright v. United States, 158 U. S. 232, 238, 15 S. Ct. 819, 39 L. Ed. 936; 22 R. C. L. 596.

[3] Under executive order dated July 28, 1910, this suit could not have been brought in the courts of the Canal Zone, if the defendant was only transiently within its limits. But that order also provides that it shall not be construed to exclude from the jurisdiction of the Canal Zone courts cases against parties who have an official or business residence, or who reside within the Canal Zone for the purpose of any occupation or employment, notwithstanding that they have not acquired a permanent residence there. Executive Orders Relating to the Panama Canal, p. 98. Under the evidence, defendant was not a transient, but was residing within the Canal Zone for the purpose of carrying on business. The executive order does not provide a place of refuge where debtors may reside and be immune from suit. The trial court had jurisdiction of the subject-matter, and was competent to enforce the order of the New York court. Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061.

[4] It is suggested that the alimony decree of the Supreme Court of New York was not properly authenticated. But defendant is not in a position to object for the first time in this court. He allowed a judgment by default to be taken against him. The petition was under oath, and no objection was made at the trial to the sufficiency of any evidence on the merits.

Error is not made to appear by any of the assignments, and the judgment is affirmed.