## HAMLIN v. GOVERNMENT OF CANAL ZONE ex rel. PARKER.

Circuit Court of Appeals, Fifth Circuit.
May 18, 1928.

No. 5036.

1. **Judges** ⚖️49(1)—That judge is appointee of official appointing another person, whose right to exercise functions of office is questioned, does not disqualify.

The fact that a judge is an appointee of an official who appointed to a public office, or employment, another whose right to exercise the functions of that office or employment is brought into question in a suit or judicial proceeding, does not have the effect of disqualifying such judge to act therein.

2. **Judges** ⚖️49(1)—Special judge appointed by Governor of Panama Canal held not disqualified in proceeding involving right of deputy marshal, also appointed by Governor (Code Civ. Proc. Canal Zone, § 8).

Special judge appointed by Governor of Panama Canal, filing affidavit negativing existence of grounds of disqualification prescribed by Code Civ. Proc. Canal Zone, § 8, *held* not disqualified in proceeding by government involving right of deputy marshal appointed by Governor to exercise right of office; it not being made to appear that Governor of Panama Canal was a party in interest.

3. **United States marshals** ⚖️3—Governor of Panama Canal had authority to appoint and discharge deputy marshal for cause (Panama Canal Act, § 4 [48 USCA § 1305]).

Under Panama Canal Act, § 4 (48 USCA § 1305), the Governor of the Panama Canal has authority to appoint a deputy marshal when the services of such deputy are required, and to discharge deputy marshal for cause.

4. **United States marshals** ⚖️32—Deputy marshal for Panama Canal is subject to orders of court, whose process is received by him for execution, and protected in complying therewith.

A deputy marshal for the Panama Canal, being a ministerial officer of the court whose process is received by him for execution, is subject to orders of that court made in a case within its jurisdiction as to parties and subject-matter, and such orders are sufficient to protect him in complying therewith.

5. **United States marshals** ⚖️3—Action of Governor of Panama Canal in removing deputy from office for refusing to obey orders of court and appointing another to position held valid.

Action of the Governor of the Panama Canal in removing deputy marshal from his position for refusal to obey orders of court directing deposit with clerk, or in registry of the court, of bonds taken by marshal in execution of process in admiralty causes, and disobeying orders with reference to process, and in appointing another to that position, *held* valid.

26 F.(2d)—11

6. **United States marshals** ⚖️3—Civil action is maintainable to oust deputy marshal removed from office by Governor of Panama Canal (Code Civ. Proc. Canal Zone, §§ 208, 212).

Under Code Civ. Proc. Canal Zone, §§ 208, 212, authorizing a civil action against persons usurping, or unlawfully holding a public office, a civil action is maintainable to oust from office a deputy marshal removed from his position by the Governor of the Panama Canal; the position of deputy being a public civil office conferred by appointment of Governor.

7. **United States marshals** ⚖️3—Status of deputy marshal in civil service did not affect power of Governor of Panama Canal to remove him (Civil Service Act [22 Stat. 403]).

Status of deputy marshal as a classified civil servant up to the time of his appointment *held* not to affect power of Governor of the Panama Canal to remove him from position of deputy marshal; no question as to rights under Civil Service Act (22 Stat. 403), being involved.

Appeal from and in Error to the District Court of the United States for the Canal Zone; James W. Blackburn, Judge.

Action by the Government of the Canal Zone, on the relation of Charles L. Parker, against Frank T. Hamlin and another. Judgment for plaintiff, and defendant Hamlin appeals and brings error. Modified, and, as modified, affirmed.

Henry P. Dart, Jr., of New Orleans, La., Chauncey P. Fairman, of Cristobal, Canal Zone, and F. Edward Mitchell, of Washington, D. C. (F. Edward Mitchell, of Washington, D. C., C. P. Fairman, of Cristobal, Canal Zone, and Dart & Dart, of New Orleans, La., on the brief), for appellant and plaintiff in error.

John O. Collins, Sp. Asst. Dist. Atty., of Ancon, Canal Zone, and Charles J. Riley, Dist. Atty., of St. Louis, Mo., for appellee and defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action or proceeding brought by the government of the Canal Zone, on the relation of Charles L. Parker, against Frank T. Hamlin, the appellant, and Irvin M. Lieser, the relief sought including that granted by the judgment appealed from, which adjudged that the relator is entitled to and may exercise the powers and duties of deputy marshal of the Canal Zone, and that the appellant, Hamlin, be ousted and excluded from the office of deputy marshal for the Canal Zone. The District Judge of the Canal Zone certified his disqualification, and the case was tried by the Special District Judge, appointed to act in case of the absence, dis-

ability, or disqualification of the District Judge. Objections filed by the appellant to the Special District Judge sitting in the trial of the case were overruled. A demurrer to the complaint was overruled as to appellant, was sustained as to the defendant Lieser, and the action was dismissed as to the latter.

The pleadings and proofs show the following: For several years prior to March 1, 1927, appellant was deputy marshal of the Canal Zone, having been appointed to the position by the Governor of the Panama Canal. After the making by the District Judge of the Canal Zone to the Governor of the Panama Canal of representations as to the failure or refusal of the appellant as deputy marshal to comply with orders of the court as to process issued by the court, including orders as to the disposition of bonds taken under process in admiralty cases pending in the court, the Governor, on February 24, 1927, removed the appellant from the position of deputy marshal, and appointed appellee Parker to that position, after Lieser, the marshal, who then was physically incapacitated from performing the duties of his office, had refused to submit a nomination for a successor to the appellant. After appellee's appointment by the Governor, the marshal refused to recognize him as deputy marshal, the appellant continued to use the office or quarters assigned for use of the marshal and his deputy, and appellee was excluded from the use of those quarters. The assignments of errors raise the questions of the propriety of the overruling of the objection made to the Special District Judge sitting in the case, as to the power or authority of the Governor of the Panama Canal to dismiss a deputy marshal without the consent of the marshal, and as to the right or jurisdiction of the court below to entertain an action or proceeding to oust a deputy marshal after his dismissal by the Governor.

The objection to the Special Judge sitting in the case was based on the grounds that, the Governor of the Panama Canal being a real party in interest in the case, and the Special Judge being the holder of a permanent office or position, that of Magistrate of the Balboa Division of the Canal Zone, to which position he was appointed by the Governor, and from which he may be removed by the Governor, the conditions of the Special Judge's regular employment and his tenure of office are such as to cause bias and prejudice in favor of the real party in interest, the Governor of the Panama Canal, whose appointee the relator is, with the result that the Special Judge may be subjected to such conscious or unconscious influence or suggestion as will serve to prevent a fair and impartial trial of the issues in this cause. Following the filing of that objection, the Special Judge made and caused to be filed an affidavit, which stated as follows:

"That he is not pecuniarily interested in this action or proceeding, nor related to any party thereto within the sixth degree of consanguinity or affinity, computed according to the rules of the civil law, nor in which, nor in the matter out of which the litigation arises has he been counsel, nor, in which has he at any time presided in any inferior judicature.

"Affiant further says that he has expressed no opinion as to the facts of this case.

"Affiant further says the statement to the effect that the conditions of his employment and the tenure of his office as magistrate are such as to cause bias and prejudice in favor of the real party at interest herein, and that affiant may be subjected to such conscious or unconscious influence or suggestion as will serve to prevent a fair and impartial trial of the issues in this cause, is wholly untrue."

[1, 2] That affidavit negatived the existence of each of the grounds of disqualification prescribed by the applicable statute dealing with the subject of disqualification of judges. Code of Civil Procedure of Canal Zone, § 8. That affidavit was not rebutted by any evidence of the existence of a prescribed ground for disqualifying the Special Judge. The fact that a judge is the appointee of an official who appointed to a public office or employment another person whose right to exercise the functions of that office or employment is brought into question in a suit or judicial proceeding does not have the effect of disqualifying such judge to act in that suit or proceeding. It was not made to appear that the Governor of the Panama Canal was a party in interest in this suit, nor that the Special Judge had any disqualifying interest in this suit or on any other ground was legally incompetent to act as a judge therein. This being so, the objection under consideration was properly overruled.

[3-5] Except in the cases of designated officials or employees of the Panama Canal and of the Government of the Canal Zone, whose appointment or employment is specially provided for, "all other persons necessary

for * * * the government * * * of the Panama Canal and Canal Zone shall be appointed by the President, or by his authority, removable at his pleasure," etc., and "the President is authorized * * * to govern, and operate the Panama Canal and govern the Canal Zone, or cause them to be * * * governed and operated, through a Governor of the Panama Canal and such other persons as he may deem competent to discharge the various duties connected with the * * * operation, government and protection of the Canal and Canal Zone." Panama Canal Act, § 4, 37 Stat. 561, Comp. Stat. § 10040 (48 USCA § 1305). An executive order, made February 2, 1914, provides that: "All appointments shall be made by the Governor of the Panama Canal or by his authority, except the District Judge, the district attorney, the marshal, clerk of District Court, and his assistant. * * * The Governor may discharge an employee at any time for cause, and terminate a provisional appointment when the exigencies of the service so require." Executive Orders relating to Panama Canal, p. 159, §§ 8, 9.

No provision of the Panama Canal Act or of any other act of Congress authorizes the marshal of the Canal Zone to appoint a deputy marshal. Under the quoted provisions, the Governor of the Panama Canal has authority to appoint a deputy marshal when the services of such a deputy are required, and to discharge a deputy marshal for cause. Fullerton v. Government of Canal Zone (C. C. A.) 8 F.(2d) 968; De Jan v. De Jan (C. C. A.) 18 F.(2d) 690. It is not to be doubted that the services of a deputy marshal are required and the appointment of one is warranted where the marshal is physically incapable of performing the duties of his office and has no deputy who is obedient to lawful orders of the court with regard to process issued out of the court, or that a deputy marshal's refusal or failure to conform to legal orders of the court constitutes cause for his removal or discharge. The power conferred on the Governor to appoint a deputy marshal to render required public services is not dependent upon the appointee being acceptable to the marshal, and the Governor's power to remove or discharge a deputy marshal is not made subject to the marshal's veto.

It was disclosed that the appellant failed or refused to obey orders of the court directing the deposit with the clerk or in the registry of the court of bonds taken by the marshal or by the appellant as his deputy in the execution of process issued in admiralty causes pending in the court, and otherwise was insubordinate, in that he disobeyed orders of the court with reference to its process handled by the marshal's office. Such conduct is incompatible with the duty of a deputy marshal as a ministerial officer of the court. Being a ministerial officer of the court, whose process is received by him for execution, a deputy marshal is subject to the orders of that court, made in a case within its jurisdiction as to parties and subject-matter, and such orders are sufficient to protect him in complying therewith. Matthews v. Densmore, 109 U. S. 216, 3 S. Ct. 126, 27 L. Ed. 912. A deputy marshal's failure or refusal to comply with such orders is not excused by the fact that the marshal does not approve of those orders or forbids compliance therewith. We conclude that the acts of the Governor of the Panama Canal in removing the appellant from the position of deputy marshal and in appointing appellee to that position were valid.

[6] "A civil action may be brought in the name of the government of the Canal Zone: 1. Against a person who usurps, intrudes into, or unlawfully holds or exercises a public civil office"; and "a person claiming to be entitled to a public office, unlawfully held and exercised by another, may bring an action therefor." Code of Civil Procedure of the Canal Zone, §§ 208, 212. The position of deputy marshal of the Canal Zone is a public civil office, as it is a public station or employment in a civil capacity, conferred by the appointment of government. United States v. Hartwell, 6 Wall. 385, 393, 18 L. Ed. 830. The contention that the instant action or proceeding was not maintainable in the court below is without merit.

[7] The record discloses that appellant was in the classified civil service of the Canal Zone up to the time of his appointment to the position of deputy marshal. His status as a classified civil servant did not affect the power of the Governor of the Panama Canal to remove him from the position of deputy marshal. No question as to the appellant's rights under the Civil Service Act (22 Stat. 403) is presented by the record in this case.

Pursuant to the prayer of a petition, which alleged that the decree under review in effect removed said Lieser from the office of marshal and placed appellee in that office, this court entered a rule or order prohibiting the Special Judge from proceeding

further in this cause until further ordered by this court, and requiring the Special Judge to show cause at a named time and place why the writ of prohibition should not be made perpetual. The return to that rule to show cause and the decree presented for review negative the truth of the material allegations of the petition for the writ of prohibition. The rule to show cause is discharged, with costs against the appellant.

The record shows no reversible error. The decree is modified to make it without prejudice to the right of the appellant to claim benefits to which he may be entitled under the Civil Service Act; and, as so modified, the decree is affirmed.