### WALLINGFORD & ARANGO v. McCARTY.

#### Civ. No. 916.

District Court, D. Canal Zone, Cristobal Division.

Oct. 17, 1940.

Charles E. Ramirez, of Ancon, C. Z., for plaintiff.

W. C. Todd. of Christobal, C. Z., for defendant.

GARDNER, District Judge.

Plaintiff instituted this action seeking recovery against the defendant on two promissory notes.

In the complaint it is alleged that the plaintiff is a corporation of the Republic of Panama and that the defendant is employed by The Panama Canal at Cristobal in the Canal Zone.

The defendant undertakes to challenge the jurisdiction of this court and the sufficiency of the complaint by a pleading

captioned "Special appearance on motion to dismiss for lack of jurisdiction."

The court recognizes that this motion is not the proper procedure to challenge the jurisdiction of the court nor to even test the sufficiency of the complaint. However, notwithstanding the caption of the motion, the motion states: "That the complaint filed in said action shows on its face, First, that the parties thereto, both plaintiff and defendant, have no official or business residence within the territorial limits of the Canal Zone Government, or reside therein for the purpose of any occupation or employment. Second, that the cause of action therein stated did not arise within said territorial limits. Third, that the party proceeded against has no property within said limits subject to the jurisdiction of the Canal Zone courts."

This motion is really a demurrer and the court has decided to treat it as such.

The cause of action alleged in the complaint is transitory, and a decision on the demurrer involves a construction of Section 121, Title 4, Canal Zone Code, which reads as follows:

"Civil actions or special proceedings between nonresidents.—No civil action or special proceedings shall be brought or proceeded with in the courts of the Canal Zone, in any case in which both of the parties, plaintiff and defendant, are alien nonresidents of the Canal Zone, and the cause of action is one which arose without the territorial limits of the Canal Zone, and the party proceeded against has no property within said territorial limits, subject to the jurisdiction of the Canal Zone courts.

"Neither shall any civil action or special proceeding be brought or proceeded with in the courts of the Canal Zone when both parties, plaintiff and defendant, though citizens of the United States, are found transiently within the limits of the Canal Zone, unless the cause of action is one arising within the said territorial limits, or the party proceeded against has property within the said limits, subject to the jurisdiction of the Canal Zone courts.

"This section shall not be construed to exclude from the jurisdiction of the Canal Zone courts cases between parties who have an official or business residence within the territorial limits of the Canal Zone Government, or who reside therein for the purpose of any occupation or employment, notwithstanding that they may not have acquired a permanent residence within said territorial limits."

This section of the Code was derived from an Executive Order issued by President Taft in 1910.

When this question arose the court was interested in knowing whether or not the section of the Code referred to above had ever been construed by this court or by the Circuit Court of Appeals. After investigation the court discovered that there had never been any construction of the entire statute by this court or by the Circuit Court of Appeals. The court did discover, however, that this section of the Code had quite an interesting legislative history. Taking this into consideration, the court called the attention of the Bar Association, the District Attorney's office and the office of the General Counsel of The Panama Canal to the matter pending herein and requested that if interested they file briefs herein or submit arguments to the court upon the hearing. The Bar Association and the District Attorney have filed briefs, amicus curiae, and in same they have clearly and accurately set forth the legislative history of this section of the Code. These briefs have been very helpful to the court.

The court will not unduly prolong this opinion by reciting in detail the legislative history because it is accurately set forth in the briefs referred to, which are on file herein.

However, the history in connection with the statute does show that from the time of the creation of the Canal Zone that there had been some controversy between the United States and the Republic of Panama as to the jurisdiction of this court, and that the Republic of Panama had from time to time expressed misgivings and fear that the courts of the Canal Zone would encroach upon the jurisdiction of the courts of the Republic of Panama.

It also appears that on December 22, 1909,[1] a corporation of the State of Louisiana instituted suit in this court against a partnership doing business exclusively in Panama under the firm name of Ehrman and Company; that summons was served on one of the defendants while she was ill and a patient in a hospital in the Canal Zone; and that service was also made on another defendant while visiting his sister in the hospital. Both were residents of the Republic of Panama and were merely in the Canal Zone for the purposes mentioned above. The action was transitory. The cause was heard by the First Judicial Circuit Court of the Canal Zone upon the defendant's plea to the jurisdiction of the court, and the case was dismissed for want of jurisdiction. The plaintiff thereupon appealed to the then Supreme Court of the Canal Zone. The Supreme Court reversed the case and held that the Circuit Court should have taken jurisdiction, citing Section 393 of the Code of Civil Procedure of the Canal Zone of 1907, which provided that transitory actions "may be brought in any circuit where the defendant or necessary party defendant may reside or be found, * * *." It appears that this decision precipitated a great deal of publicity in the newspapers and also very strong complaint on the part of the Republic of Panama. The then Governor of The Panama Canal recognizing the situation, and calling attention to the relationship between the Republic of Panama and the United States, suggested and recommended that the law be changed. Pursuant thereto, the Executive Order referred to, which is now incorporated in the Canal Zone Code, was prepared by the Legal Department of The Panama Canal and submitted to the President through the proper channels with memoranda and letters stating the situation, the reasons for the change, and also explaining the terms of the Order submitted. This legislative history and these documents clearly show the intent and purposes of the lawmakers.

While this entire statute has never been construed by this court or by the Circuit Court of Appeals, the court does find that in the case of Sigmund Bettelhiem v. E. G. Cornelius,[1] this court, in an opinion handed down by Judge Martin on the 21st day of January, 1927, undertook to construe this statute, and while the opinion quotes the entire section, it states that the decision in the case was controlled by the last paragraph of the statute, and nowhere in the opinion was there any attempt to construe the entire statute.

In that case the complaint alleged that the defendant was a resident of the Republic of Panama but was employed by The Panama Canal in the Canal Zone. There was a special appearance of the defendant and a motion to quash service of process, which was really a plea to the jurisdiction of the court. Judge Martin, in his opinion, stated that the cause of action arose, in the Republic of Panama and was there to be performed; that the plaintiff was an alien nonresident of the Canal Zone and resided in the Republic of Panama; that the defendant was an American citizen residing in the Republic of Panama, but that he was employed by The Panama Canal and during working hours was present and working in the Canal Zone.

Judge Martin, after quoting the second and third paragraphs of the statute, stated that the decision in the case was controlled by the clause of the third paragraph, viz., "or who reside therein for the purpose of any occupation or employment." The court then stated that the defendant was not a business man or officer, but an employee, and that both plaintiff and defendant resided in the Republic of Panama, and as the cause of action arose there and was to be performed there, that the court had no jurisdiction, and the action was dismissed.

In the opinion of this court the court erred in concluding that the case was controlled by the third paragraph of the statute. Instead, it was controlled by the second paragraph which prohibits suits by and between transients, and it is clear that the court's opinion absolutely ignored this paragraph of the statute. Obviously, if the defendant was regularly and permanently employed by The Panama Canal in the Canal Zone, he was not a transient.

---

[1] Publication Canal Zone opinion began 1947.

The court also discovered that in the case of McFarlane v. McFarlane [1] the statute here in controversy was involved, and the defendant challenged the jurisdiction of the court by a plea. The court, in an opinion by Judge Martin, stated that the plaintiff and the defendant were alien nonresidents. However, it was also stated that the plaintiff lived in Colon, but that while working on the land in Gatun, Canal Zone (involved in the suit), he ate and slept there during the working days of the week. Judge Martin held that the action was transitory, and it does not anywhere appear that the plaintiff alleged or asserted that the cause of action was one arising within the Canal Zone. This clearly appears to have been the case, and should have determined the jurisdiction. The cause of action arose out of an agreement between the parties with reference to the cultivation of certain land in the Canal Zone on which the defendant held an agricultural land license. In that case the court held that a business residence was a residence in the Canal Zone for business purposes, and, further, that one who resides in the Canal Zone for the purpose of transacting business has a business residence in the Canal Zone, whether the business he transacts was done in the Canal Zone or outside thereof, and cited cases from this court.

These statements clearly imply that the court concluded that a person must have a residence in the Canal Zone or live in the Canal Zone before there could be an official or business residence in the Canal Zone.

Certainly the court's opinion does not fairly construe the entire statute. The court after reviewing the history of the Executive Order, source of the statute, stated that it clearly showed the intent of the President and demonstrated that "residence" in the Canal Zone was a necessary jurisdictional fact.

The court in its statement obviously erred in failing to give any consideration to the second paragraph of the statute. This court finds it impossible to follow this reasoning or to adopt Judge Martin's conclusions.

On the other hand, it would occur to this court that the matter involved in the case of McFarlane v. McFarlane was easy of solution, because the plaintiff, and the defendant were both alien nonresidents. Therefore, by the first paragraph of the statute, they were excluded unless the contract was made or to be performed in the Canal Zone, or they had property in the Canal Zone. Since the court found that the defendant did have property in the Canal Zone subject to the orders of the court, there was no prohibition against bringing or maintaining the action.

This court has profound respect for the opinions of the judges who have heretofore presided over this court, and their rulings, decisions and opinions are always carefully considered, and this court will not lightly set them aside, overrule or modify them, but in this case it finds itself in that situation where it is impossible to follow the reasoning and the conclusions of the court in construing the statute involved.

The Circuit Court of Appeals in the case of Panama Electric Ry. Co. v. Moyers, Canal Zone, 249 F. 19, considered a case involving the jurisdiction of transitory actions in the Canal Zone, but in no part of its opinion did the Circuit Court of Appeals refer to the statute here under consideration or undertake to construe it. On the other hand, the decision upholding the jurisdiction of the Canal Zone court was based upon the fact that the defendant had property in the Canal Zone subject to the order of the court.

In the case of De Jan v. De Jan, Canal Zone, 18 F.2d 690, the Circuit Court of Appeals considered a case involving the statute here under consideration, but the court in its opinion did not undertake to construe this statute, except to the extent of deciding that one of the parties, who lived at the Tivoli Hotel and had been living there for six months, was not a transient.

Of course, this statute was especially designed to meet the unusual situation and location of this jurisdiction, and there are

---

[1] Publication Canal Zone opinion began 1947.

no similar statutes, therefore no analogous cases.

Since a decision on this demurrer requires the court to consider the entire statute, it will undertake to construe the statute so that the Bar and the Governments of the United States and the Republic of Panama may understand the court's interpretation and construction, and if such construction is not satisfactory to the Governments involved and not in harmony with the intent and purposes of the lawmakers, its decision may be appealed from or legislative action may be taken to effectuate the policy and intention of the lawmakers and the Governments involved.

Recognizing that this is a court of general jurisdiction and considering the evident intent and purposes of those who prepared and adopted this statute, it becomes necessary to examine the well known rules of statutory construction.

■ It is elementary in construing a statute that effect should be given to the intent and purpose of the legislature, and the object of the statute must be kept in mind and such construction placed upon it as will, if possible, effect its purpose, and to this end it should be given a reasonable and liberal construction, and if susceptible of more than one construction, it must be given that which will best effect its purpose rather than that which would defeat it. In pursuance of this rule the courts are not controlled by the literal meaning of the language of the statute, but the spirit or intention of the law prevails over the letter thereof. Another rule is that the intention of the legislature is to be obtained primarily from the language used in the statute, and the courts should impartially and without bias review the written words without being aided in the interpretation by the canons of construction, and where the language of the statute is plain and unambiguous there is no occasion for construction. It is also a cardinal rule of construction that effect must be given, if possible, to the whole statute and every part thereof, and the courts, so far as practicable, should reconcile the different provisions so as to make them consistent, harmonious, and sensible. So an interpretation which gives effect to the entire language is favored as against one which does not.

■ In considering this statute it is well to understand that it is not one granting, extending or increasing the jurisdiction of the court. This court being a court of general jurisdiction had unlimited jurisdiction in transitory actions, and this statute was clearly intended to be a limitation upon the court's general jurisdiction in transitory actions, a limitation which was taking into consideration the geographical and political situation of the Zone.

■ Since this is a statute limiting the jurisdiction of a court of general jurisdiction, the rule is, it should be strictly, but reasonably construed. All statutory enactments which constitute exceptions to general statutes are to be strictly construed, and such statutes should never be extended by implication beyond the precise terms. The established practice and jurisdiction of courts should not be limited except by the clearly expressed will of the lawmakers.

■ It is also the rule that where the matter is fairly doubtful a court of general jurisdiction will retain jurisdiction. However, this rule should not be confused with the contrary rule of construction as to jurisdiction of inferior courts, which is directly opposite.

With these observations as to the general rule of statutory construction, the court will now proceed to examine the statute in question.

Paragraph 1 of Section 121, Title 4, Canal Zone Code, reads as follows: "Civil actions or special proceedings between nonresidents.—No civil action or special proceedings shall be brought or proceeded with in the courts of the Canal Zone, in any case in which both of the parties, plaintiff and defendant, are alien nonresidents of the Canal Zone, and the cause of action is one which arose without the territorial limits of the Canal Zone, and the party proceeded against has no property within said territorial limits, subject to the jurisdiction of the Canal Zone courts."

Certainly there is nothing ambiguous about this paragraph of the statute and no

sort of construction is necessary. Clearly it prohibits *only* transitory actions in Canal Zone courts where both parties are alien nonresidents. This is true even though one or both are regularly and permanently employed in the Zone. It is an absolute limitation upon transitory actions by and between alien nonresidents, subject, however, to one important exception which will be mentioned hereafter in connection with the construction of the third paragraph of this statute.

Paragraph 2 of Section 121, Title 4, Canal Zone Code, reads as follows: "Neither shall any civil action or special proceeding be brought or proceeded with in the courts of the Canal Zone when both parties, plaintiff and defendant, though citizens of the United States, are found transiently within the limits of the Canal Zone, unless the cause of action is one arising within the said territorial limits, or the party proceeded against has property within the said limits, subject to the jurisdiction of the Canal Zone courts."

This language is plain and easily understood, and it does not require any construction or interpretation. Plainly it *only* excludes transitory actions in the courts of the Canal Zone when both parties, irrespective of their citizenship, are transiently within the Canal Zone. There is nothing complicated or involved in this paragraph, and there is no limitation or prohibition except as to transients.

The word "transient" has a well known legal meaning, has often been defined by the courts, and while "who is" and "who is not" a transient might become a mixed question of law and fact in every case, that does not make the language of the statute ambiguous.

The third paragraph of Section 121, Title 4, Canal Zone Code, reads as follows: "This section shall not be construed to exclude from the jurisdiction of the Canal Zone courts cases between parties who have an official or business residence within the territorial limits of the Canal Zone Government, or who reside therein for the purpose of any occupation or employment, notwithstanding that they may not have acquired a permanent residence within said territorial limits."

This paragraph was added to and included in the statute and there is no doubt but what it expressed the intention and purpose of the lawmakers, and was added to the statute to prevent any broad, wide and sweeping construction of the limitations contained in paragraphs 1 and 2 of the statute.

In construing this paragraph it is well to keep in mind that it was only intended to aid the courts in the construction of the first and second paragraphs and to prevent the statute from being construed so as to defeat the jurisdiction of the court in transitory actions where jurisdiction should fairly be retained.

There can be no question but that the lawmakers had in mind at the time of the adoption of this statute the unusual situation and location of this jurisdiction and also the relations between the Governments of the United States and the Republic of Panama, and, further, that the Canal which was being constructed would bring into the Zone aliens and citizens of many countries who necessarily would have obligations, responsibilities and commercial transactions which might be the subject of litigation, and they also understood that the exigencies of the situation would require, in order to serve those using the Canal and those who maintained the Canal, and pursuant to this requirement, that private individuals, firms, partnerships, companies and corporations would be allowed to establish and maintain offices and places of business in the Zone. This, of course, has been done, and there are shipping agencies, oil companies, banks, insurance agents, etc. located in the Zone by permission or license from the Canal Zone Government.

Therefore, as was right and proper, they expressed the intention that these enterprises, the individuals, companies and corporations operating them, should not be excluded from the jurisdiction of the courts, and that those who had claims and demands against them should not be excluded from the jurisdiction of the courts in enforcing those claims and demands.

It is true that the third paragraph, referred to above, uses the phrase "*official* or *business residence* within the territorial limits of the Canal Zone", and this court

knows that the court in the case of McFarlane v. McFarlane, supra, construed "business residence", as used in the statute, to mean a residence for business purposes. In other words, a place where a businessman lived, and the opinion in the McFarlane v. McFarlane case goes on to state that one who resided here for the purpose of transacting business had a business residence on the Zone, whether the business transacted was done in the Zone or outside thereof.

This court has been unable to find the phrase "business residence" used in any other statute or construed by any other court, and is frankly of the opinion that Judge Martin erred in his construction of the phrase "business residence". On the other hand, as used in this statute, the court is of the opinion that it was intended to mean the residence of the business, and, therefore, an individual, company or corporation which establishes, maintains and does business in the Canal Zone is neither an alien nonresident nor a transient within the meaning of this statute, and such individuals, companies or corporations are not immune from suits in transitory actions and neither are they precluded from instituting suits in courts of the Canal Zone in such actions. Obviously, this is the only construction of this paragraph which would make it effective, and it certainly meant something.

The last part of the third paragraph of the statute provides: "or who reside therein for the purpose of any occupation or employment, notwithstanding that they may not have acquired a permanent residence within said territorial limits."

This provision seems to have been entirely unnecessary because paragraphs 1 and 2 of the statute do not prohibit litigation in transitory actions between parties where either one of them reside or live in the Zone.

It is the opinion of the court that the one who drafted this statute, and it must be remembered that this was in 1910, long before the Canal was completed and presumably before the legal status of residents of the Zone was firmly fixed in the minds of those who were here and even the Government of the United States, had in mind that in order to qualify as a legal resident of many jurisdictions, states, counties and cities, it was necessary to do certain things or to live there for a stated time before acquiring the legal status.

The attention of the court has also been directed to the words of the third paragraph "to exclude from the jurisdiction of the Canal Zone courts cases between parties", and it has been suggested that this language in the statute saves from exclusion only when both parties have an official or business residence in the Canal Zone or reside in the Canal Zone. The court does not believe that this was within the intent of the lawmakers or within the spirit of the statute. On the other hand, the court believes the words were used largely in a general sense, and refers to each or any litigant. Perhaps it was carelessly used, but be that as it may, it is obvious that if either party resides in the Zone, or has an official or business residence in the Zone, the action is not excluded either by the first or second paragraphs of the statute.

In the case of Bettelhiem v. Cornelius, supra, Judge Martin's opinion seems to draw a distinction between an employee of the Canal Zone and a business man or an officer. This court does not believe the statute is susceptible of any such construction.

It has been suggested that the language used in the third paragraph of the statute, viz., "parties who have an official or business residence" distinguishes an employee from an official of the Canal Zone Government or other Government official. The court is of the opinion that this contention is not sound. The court, on the other hand, is of the opinion that the words "official or business residence", as used by the drafter of this statute, did not refer to civil or public officials, and meant nothing more nor less than the residence of the *business* or official residence of the business and had in mind the fact that corporations have offices and officials.

It is the opinion of the court that the purpose and effect of the third paragraph of the statute was not to restrict or limit this court's jurisdiction to any greater extent, nor to place any other limitations

or restrictions upon its jurisdiction other than those contained in paragraphs 1 and 2 of the statute. The court, on the other hand, is of the opinion that the third paragraph was intended to clarify and make certain that the court did not construe the statute so as to exclude from the jurisdiction of the court private individuals, firms companies and corporations who had established and were maintaining places of business on the Zone.

This court is of the opinion, and so holds, that when both plaintiff and defendant are alien nonresidents they cannot maintain transitory actions in this court. What is meant by transitory actions, are those actions where the cause of action arose without the territorial limits of the Canal Zone and the party proceeded against has no property within the Zone subject to the jurisdiction of the Canal Zone courts.

Second: That no action can be brought or maintained in this court when both parties, plaintiff and defendant, irrespective of their citizenship, are found transiently within the limits of the Canal Zone, unless the cause of action is one arising within the limits of the Zone, or the party proceeded against has property within the Zone subject to the processes of this court.

It is further the opinion of the court, and it so holds, that these limitations are subject to one important exception, viz., if a private individual, partnership, firm, company, association or corporation has in good faith established and maintains a bona fide place of business and is doing business in the Zone, they are not, within the meaning of this statute, either alien nonresidents or transients, notwithstanding the private individual, partnership, firm, company, association or corporation may be aliens.

Contention has been made that when a corporation qualifies to do business in the Canal Zone and designates a process agent it thereby becomes domesticated and agrees it may be sued and occupies the same status as a corporation created in the Zone or a corporation that has established and maintains a place of business on the Zone. This contention is not sound.

The domicile or residence of a corporation is within the state of its creation, and the general rule is that a corporation cannot migrate but must dwell in the place of its creation, and it cannot be regarded as a citizen, resident or inhabitant for the purpose of jurisdiction, and many other purposes, except in the state by which it was created, even though it may be doing business in another state or country in compliance with local laws.

This statute was intended to be and is a limitation to the jurisdiction of the court in transitory actions, and under the limitations of the first and second paragraphs of the statute, such corporations might have been excluded from litigating in the courts of the Canal Zone, but the third paragraph of the statute specifically enjoins a duty upon the court not to construe that statute so as to exclude from the jurisdiction of the court corporations or persons who have established and are maintaining an official or business residence within the Canal Zone.

The attention of this court has been called to an opinion of the Supreme Court of the United States in the case of Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. In this case the Supreme Court expressly and impliedly overruled a long line of decisions construing Section 51 of the Judicial Code, 28 U.S.C.A. § 112, which is a statute of jurisdiction. The Supreme Court held that it merely accorded to the defendant a personal privilege of objecting to the jurisdiction of suits brought against it, and that the privilege might be lost by failure to assert it, and that a corporation in conformity with a valid statute of a state and as a condition of doing business within it designated an agent upon whom service of process might be made, effectively consented to be sued in the federal courts of that state. It is a rather long and much involved decision. This court has read it over several times, and is not sure that it understands its full import.

This court has also examined the case of Ward v. Studebaker Sales Corporation, 3 Cir., 113 F.2d 567, following, referring to and commenting upon the opinion of the Supreme Court in the case of Neirbo Co. v. Bethlehem Shipbuilding Corporation, supra.

The court has not undertaken to fully digest these opinions nor to fully analyze the alleged reasons upon which they rest, but the court does know that the opinions in the cases referred to do not state or hold that a corporation of one state becomes a resident of another state because it qualifies to do business in that state and designates a process agent as required by local laws, and, further, that the statute involved in the cases referred to is entirely different from the one in the instant case.

In construing the statute herein, consideration must be given to the unusual situation and locality of this court, the relations between the two governments involved, and the plain language of the statute itself. Certainly it was not in the legislative mind that this was to be a consent statute, or one where the litigants *only* by agreement or consent could confer jurisdiction.

The court is of the opinion that the construction of the statute should be so plain that it can easily be understood and that there should be no uncertainty about it, and, therefore, to summarize the foregoing, the court is of the opinion and so construes the statute as follows:

First: That when both plaintiff and defendant are alien nonresidents they are absolutely excluded from litigating in the courts of the Canal Zone in transitory actions, unless one or both of the litigants as an individual, partnership, firm, association, company or corporation has established and in good faith is maintaining an office or place of business in the Canal Zone.

Second: That there can be no litigation in transitory actions when both plaintiff and defendant are transients, irrespective of their citizenship.

Third: That individuals, partnerships, firms, associations, companies or corporations that have established and are in good faith maintaining an office or place of business in the Canal Zone are neither alien nonresidents nor transients.

Fourth: That all persons, including officials and employees, who are regularly and permanently employed in the Canal Zone are not transients, even though they may not live or reside in the Canal Zone.

Fifth: That all alien employees of The Panama Canal and other Governmental agencies, and all aliens who are agents or servants of any individual, partnership, firm, association, company or corporation that have established and are maintaining an office or place of business in the Canal Zone, who do not live in the Canal Zone, are alien nonresidents.

Sixth: That any and all litigants who only appear in the Canal Zone for the purpose of instituting or filing actions are transients.

Seventh: That one who resides or lives in the Canal Zone, notwithstanding he is employed outside the Canal Zone, is a resident of the Canal Zone.

Eighth: That *"transitory action"* as used in this opinion is an action which did not originate in the Canal Zone, or, if upon a contract, was not made or to be performed in the Canal Zone, or any action where the party proceeded against has no property in the Canal Zone subject to the process of this court.

Ninth: That even though a corporation has qualified and is licensed to do business in the Canal Zone and has designated an agent upon whom process may be served, it is not a resident of the Canal Zone unless it has established and maintains an office or place of business in the Canal Zone.

Tenth: That there is no limitation upon the right of a citizen of the United States who is regularly and permanently employed in the Canal Zone, even though such citizen of the United States is not a resident of the Canal Zone, to institute and maintain an action against an alien nonresident or against a transient.

Eleventh: That there is no limitation upon the right of an alien nonresident to institute and maintain an action in the

courts of the Canal Zone against a citizen of the United States who is regularly and permanently employed, even though said citizen of the United States may not reside in the Canal Zone.

Twelfth: That there is no limitation upon the right of an alien nonresident, who is permanently and regularly employed in the Canal Zone, to institute and maintain an action in the courts of the Canal Zone against a citizen of the United States, even though such citizen of the United States be a transient.

In the instant case the complaint alleges that the plaintiff is a corporation incorporated and existing under the laws of the Republic of Panama and is duly licensed to do business in the Canal Zone;

That the defendant is employed in the office of the Municipal Engineering Division of The Panama Canal at Cristobal in the Canal Zone.

It is not alleged in the complaint that the notes were executed in the Canal Zone, or were to be paid in the Canal Zone, or that the defendant had property in the Canal Zone subject to the process of this court.

It is not alleged in the complaint that the plaintiff, an alien corporation, had established and was maintaining an office or place of business in the Canal Zone, nor that the defendant is an American citizen regularly and permanently employed in the Canal Zone.

The general rule is that when a court has general jurisdiction of the subject matter of the action it is not necessary to allege facts showing jurisdiction, but where the court is one of limited jurisdiction, the complaint must affirmatively show that the case is within the jurisdiction, and where jurisdiction depends on residence or citizenship, facts showing the existence of jurisdiction shall be alleged.

In view of this court's construction of this statute, there can be no question but that the court's jurisdiction is limited in transitory actions by the statute, and that jurisdiction in this case depends on residence or citizenship. Therefore, since the complaint does not allege the jurisdictional facts, the demurrer herein must be and the same is sustained.

Order has been made by the court in conformity with this opinion, and time allowed the plaintiff to plead further.