**BROTHER'S DISTRIBUTING COMPANY, INC., a Florida corporation, Plaintiff,**

v.

**William R. HEIDTMAN, Sheriff of Palm Beach County, Defendant.**

**No. 72–1491–Civ–CF.**

United States District Court,
S. D. Florida.
Jan. 15, 1973.

---

Edward F. O'Connor, Palm Beach, Fla., for plaintiff.

Kirk Sullivan, of Adams, Sullivan & Coogler, West Palm Beach, Fla., for defendant.

## ORDER

FULTON, Chief Judge.

This cause was considered upon defendant's motions to dismiss for failure to state a claim or, in the alternative, for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(b) and (c). Federal jurisdiction is invoked by 42 U.S.C. § 1983; the action being predicated on an alleged deprivation of property without due process of law. The complaint charges the defendant, Sheriff of Palm Beach County, with wrongfully attaching plaintiff's property pursuant to a writ issued by the Palm Beach Circuit Court. The Two Hundred Thousand ($200,000.00) Dollar claim for relief allegedly arises by virtue of the sheriff's levy, undertaken without "any hearing by any court" in contravention of the Supreme Court holding in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556 (1972). (*Fuentes* held the replevin of property at the threshold of a law suit without prior hearing to be unconstitutional.)

The sheriff's motions presently under consideration attack plaintiff's claim as being meretricious in light of Fla.Stat. Ann. § 30.30, which specifically grants immunity from suit to sheriffs levying attachment on property. The statute reads:

(1) Whenever any writ, issuing out of any court of this state, shall be delivered to a sheriff, commanding him to levy upon property specifically described therein, it shall be his duty to levy upon such property; and, if no property is specifically described, then he shall levy upon any property assessed against the defendant on the current tax rolls of the county or registered in his name under any law of the United States or of the state.

(2) No sheriff shall be liable in damages to anyone whomsoever for making a wrongful levy whenever the same has been made as required under subsection (1).

■■ Attempting to vitiate the effect of the statute and to convince this Court as to the existence of a cause of action, plaintiff contends the entire replevin statute, with its immunity granting provision, to be contrary to Federal law as manifested in *Fuentes*. This Court is not persuaded that Fuentes v. Shevin, *supra*, can be interpreted so broadly as to abrogate the sheriff's immunity from suit for executing a writ of attachment, as in the cause at bar. On the contrary, it is well established that Congress did not intend to abolish the common-law immunity of public officials by the enactment of 42 U.S.C. § 1983 and the same rationale should be applicable to the scope of *Fuentes*. In Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the United States Supreme Court held:

We do not believe that this settled principle of law [immunity of officials from suit] was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities. 386 U.S. at 554, 87 S.Ct. at 1218.

Another justification for recognizing the viability of the immunity principle, after the practice of threshold seizure of

property has been found to be constitutionally prohibitive, relates to the very basis for immunity doctrine. Official immunity is grounded on considerations of expediency. Immunity has been granted for the purpose of preventing "the fear of vexatious suits and personal liability" [W. Prosser, Handbook of the Law of Torts § 132, 998 (3 Ed. 1964)] from deterring the most capable of candidates from aiding in the governing process. In Judge Learned Hand's landmark case of Gregoire v. Biddle, 177 F.2d 579 (2 Cir. 1949), public immunity was eloquently discussed as follows:

> It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. 177 F.2d at 581.

See also People ex rel. Giles v. Thomas, 464 F.2d 156 (5 Cir. 1972), wherein the Fifth Circuit held that " . . . claims against the Justice of the Peace, the Sheriff, and their employees . . . [are improper in] that those defendants are immune from suit as judicial officers . . . ." 464 F.2d at 159–160; Martone v. McKeithen, 413 F.2d 1373 (5 Cir. 1969); Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951);

and Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

In light of the foregoing authority, this Court is obligated to find the defendant sheriff immune from suit and that plaintiff has consequently failed to state a claim for relief.