Charles Whitmore **LA BAR, Jr.,**
Plaintiff-Appellant,

v.

Special Agent Gary **ROYER** et al.,
Defendants-Appellees.

No. 75–3053
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 10, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Charles Whitmore La Bar, Jr., pro se.

Ronald T. Knight, U. S. Atty., Macon, Ga., for Royer and Caas.

John Marshall Meisburg, Jr., Dept. of Justice, Criminal Div., Washington, D. C., for defendants-appellees.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

■ Affirmed. Although we agree that the plaintiff has no personal cause of action against the federal agent who, acting within the scope of his authority, received and holds property seized legally under a warrant, the district court adopted the brief of the Government which contains patent errors, repeated in the brief before us.

■ 42 U.S.C.A. § 1983 action does not require class-based, discriminatory animus or intent. The statute does require state action. *Norton v. McShane*, 332 F.2d 855, 862 (5th Cir. 1964).

■ Plaintiff did not state a claim under 42 U.S.C.A. § 1985(3) because he did not assert racial or otherwise class-based, invidiously discriminatory animus as required by that provision. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) does not depend upon lack of alternative remedies, as asserted, but is based on an illegal, warrantless search.

■ Contrary to the Government's assertion, Rule 41(e) provides only a "person aggrieved by an unlawful search and seizure" with a remedy.

We need not consider whether plaintiff would have a cause of action against the United States under the Tort Claims Act, because the United States is not a party and no such claim has been asserted.

Affirmed.