INTERNATIONAL MOLDERS AND ALLIED WORKERS, AFL–CIO, Henry Key, Fred Jackson, Fannie Mae Wilder, Mary Hinton, Plaintiffs,

v.

BUCHANAN LUMBER BIRMINGHAM, Defendant.

Civ. A. No. CA 78–G–0469–W.

United States District Court, N. D. Alabama, W. D.

Nov. 7, 1978.

George C. Longshore, Cooper, Mitch & Crawford, Birmingham, Ala., for plaintiffs.

Frank M. Young, III, North, Haskell, Slaughter, Young & Lewis, Birmingham, Ala., C. Lash Harrison and Ronald C. Henson, Ford, Harrison, Sullivan & Lowery, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause is before the court on plaintiffs' motion to amend and defendant's opposition to that motion, which is, in substance, a motion to dismiss. The court, by separate order, though granting plaintiffs' motion to amend, grants defendant's motion to dismiss.

Rule 15 of the Federal Rules of Civil Procedure provides that amendments shall be liberally allowed when justice so requires. It is because of this rule, not because of the sufficiency of the amended complaint, that plaintiffs' motion to amend is granted. Plaintiffs' first amended complaint differs from the original complaint primarily in that the amended complaint alleges that plaintiffs are black and that plaintiffs' rights under the first and fourteenth amendments to the U. S. Constitution were violated. That plaintiffs are

**952**

black is of no consequence, since the complaint does not allege racial discrimination. That plaintiffs specify which of their constitutional rights were violated is merely a clarification of the allegations in the original complaint and adds nothing of substance. The court dismissed plaintiffs' original complaint on the grounds that it failed to state a claim on which relief could be granted. Plaintiffs having been given a second chance to state a claim and having failed to do so, it appears that they have no claim cognizable in this court.

Plaintiffs charge defendant with violating their constitutional rights under color of state law in violation of 42 U.S.C. § 1983 by obtaining an unconstitutionally broad temporary restraining order to subvert plaintiffs' picketing of defendant's plant,[1] by procuring the arrest of at least one picket, and by procuring the presence of law enforcement officers to enforce that order.

■ Defendant, a private corporation, cannot be held liable under Section 1983 without having acted under color of state law. *District of Columbia v. Carter,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973); *Morgan v. Odem,* 552 F.2d 147 (5th Cir. 1977); *LaBar v. Royer,* 528 F.2d 548 (5th Cir. 1976). A private litigant does not act under color of state law merely by bringing a lawsuit in state court. *Hill v. McClellan,* 490 F.2d 859 (5th Cir. 1974); *Glasspoole v. Albertson,* 491 F.2d 1090 (8th Cir. 1974). Defendant, therefore, cannot be held liable under Section 1983 except under a conspiracy theory.

■ Assuming without deciding that, under rules of liberal construction, the complaint alleges a conspiracy to violate plaintiffs' constitutional rights under color of state law, it is yet insufficient. The only conspiracy that the complaint could allege is between defendant, the state judge, and the law enforcement personnel. Judges, acting within the scope of their authority, are absolutely immune from liability. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Law enforcement personnel acting under the judge's order are entitled to quasi-judicial immunity. *Matthews v. Densmore and others,* 109 U.S. 216, 3 S.Ct. 126, 27 L.Ed. 912 (1883); *Brother's Distributing Company, Inc. v. Heidtman,* 354 F.Supp. 203, aff'd 480 F.2d 922 (S.D.Fla.1973); *Rhodes v. Houston,* 202 F.Supp. 624, aff'd 309 F.2d 959 (D.Neb.1962); *Dunn v. Gazzola,* 216 F.2d 709 (1st Cir. 1954). To state a claim for conspiracy to violate Section 1983, plaintiffs must allege that defendant conspired with others who not only acted under color of state law but also may be held liable for their complicity. *Hill v. McClellan, supra; Turner v. American Bar Association,* 407 F.Supp. 451 (W.D.Tex.1975). This, plaintiffs obviously cannot do.[2]

■ Plaintiffs' original and amended complaints pray for an injunction to prevent defendant from further violating their constitutional rights. Plaintiffs cite *Slavin v. Curry,* 574 F.2d 1256 (5th Cir. 1978), apparently for the proposition that judicial immunity does not extend to actions for equitable relief, in the hopes of showing

---

1. Part of the text of the temporary restraining order complained of reads as follows:

 "The Sheriff or any State Highway Patrolman shall see that this Order is carried into full force and effect in [sic] that a copy of this Order be served by such officers upon the defendants named herein instanter.

 "The Sheriff, and any other duly authorized police officer who witnesses a violation of this Order by any person shall forthwith arrest such person and bring him before me."

2. Though the Fifth Circuit, in *Slavin v. Curry,* 574 F.2d 1256 (5th Cir. 1978), held that the defense of qualified immunity is rarely suffi-

cient on a motion to dismiss because the defense requires a factual determination regarding the defendant's motivation, in this case the purported conspirators enjoy an absolute immunity. Plaintiffs allege that the state court judge issued an order and that the law enforcement personnel enforced it. Under these allegations, the court need go no further than the complaint to determine, for the purposes of this motion, that the purported conspirators were in positions entitling them to judicial or quasi-judicial immunity and that they acted within the scope of their authority.

that defendant conspired with persons who may be held liable under Section 1983. The prayer for injunctive relief, however, fails for a different reason. It is moot.

■ The Supreme Court of Alabama, in *International Molders v. Aliceville Veneers Division,* 348 So.2d 1385 (Ala.1977), reversed the grant of the preliminary injunction which followed the temporary restraining order complained of.[3] There is, therefore, no valid injunction the enforcement of which to enjoin.

■ Plaintiffs do not allege that, unless enjoined, defendant will seek again to hinder plaintiffs in the exercise of their constitutional rights, and there is no indication that it will do so. The count for injunctive relief is, therefore, insufficient.

■ Count III of the amended complaint is a count for malicious prosecution. There is no independent jurisdictional basis for this claim and there is no substantial federal claim to which it may be pendent. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). It, thus, appears that plaintiffs have no claim cognizable in this court and that the first amended complaint is due to be dismissed.

**3.** The Supreme Court of Alabama's opinion in *International Molders v. Aliceville Veneers Division,* though an exhibit to the original complaint, was conspicuously omitted from the amended complaint, apparently in anticipation of the present holding. The court, however, takes judicial notice of the decision. *Moore v. Estelle,* 526 F.2d 690 (5th Cir. 1976); *Murray v. State of Louisiana,* 347 F.2d 825 (5th Cir. 1965). Since, in the proper circumstances, the court would be compelled to grant a motion for directed verdict on the issue of the Supreme Court of Alabama's determination, the decision is noticed as a matter of law and is proper for consideration on motion to dismiss. *Rhodes v. Meyer,* 334 F.2d 709 (8th Cir. 1964).