James MABE, Appellant,

v.

The CITY OF GALVESTON, et al., Appellees.

No. 01–84–0515–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 10, 1985.

Rehearing Denied March 7, 1985.

Anthony Griffin, Galveston, for appellant.

Ervin A. Apffel, Otto D. Hewitt, III, W. Daniel Vaughn, McLoed, Alexander, Powel & Apffel, Robert V. Shattuck, Galveston, for appellees.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

## OPINION

EVANS, Chief Justice.

The appellant, James Mabe, appeals from a temporary injunction entered in favor of appellees, The City of Galveston and Park Board of Trustees, prohibiting him from distributing pamphlets that list the names and phone numbers of certain members of the City Council and Park Board. The City and Park Board petitioned for injunctive

relief, claiming that Mabe's publication of his pamphlet invaded the privacy of the individual members of the Council and Park Board. Mabe answered, challenging the standing of the City Council and Park Board to sue on behalf of the individual members, and also asserting first amendment rights. The trial court denied Mabe's motion to dismiss on the issue of standing, and issued an injunction prohibiting Mabe from directly or indirectly publishing in writing any list of the names of members of the City Council or Park Board, coupled with their home telephone numbers. We reverse and render, directing that the temporary injunction be dissolved.

■ In his one point of error, Mabe challenges the constitutionality of the trial court's action, arguing that the injunction is void because it operates as a prior restraint of the exercise of his first amendment right to freedom of speech. In a post-submission brief, Mabe attempts to reiterate the challenge he asserted in the trial court, i.e., that the named plaintiffs lack standing to sue. However, since that issue was not raised in this court prior to submission of the appeal, it is deemed waived. Tex.R.Civ.P. 418(d); *Texas Industrial Traffic League v. Railroad Commission*, 633 S.W.2d 821 (Tex.1982) (per curiam).

Mabe owns a gift shop on Seawall Boulevard, the beachfront in Galveston. He is a Galveston native and has been in business on the island for seven years. Because of comments made by his customers and other visitors, he became concerned that there were no public restroom facilities on the Seawall. On a number of occasions, he appeared before the Galveston City Council and the Park Board and made his complaints known to those governmental bodies. Mabe finally reached the conclusion that the City Council and Park Board officials lacked concern about the matter, and in midsummer 1984, he printed and distributed 2000 pamphlets, which read:

THE BUSINESS OPERATORS ON SEAWALL BOULEVARD APOLOGIZE FOR NO PUBLIC RESTROOM FACILITIES ON OUR BEACHFRONT.

The Persons To Contact Are:

| Council Members: | Park Board Members: |
| --- | --- |
| Lou Muller (409) 744–7444 | Mrs. Marilyn Schwartz (409) 744–3531 |
| John L. Sullivan (409) 744–5632 | Mr. Meyer Reiswerg (409) 762–7540 |
| Mayor: | Mr. Roby Burkett (409) 744–3686 |
| Jan Coggeshall (409) 744–5918 | Mr. Tom Wiseheart (409) 762–8434 |

Shortly after these pamphlets were distributed, the named members of City Council and Park Board of Trustees began receiving phone calls at home from persons who complained about the lack of restroom facilities. Some of the calls were received during the day, some in the evening, and three or four calls were received in the very late evening or early morning hours. The phone numbers of each person listed on the pamphlet could be found in the Galveston telephone directory, and some were also listed in documents published by the Park Board.

■ Any system of prior restraints bears a heavy presumption against its constitutional validity. *Bantam Books Inc. v. Sullivan*, 372 U.S. 58, 70, 83 S.Ct. 631, 639, 9 L.Ed.2d 584 (1968); *e.g., Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202 (Tex.1981). Although in exceptional cases prior restraints may be constitutionally permissible, *see, e.g., Near v. Minnesota*, 283 U.S. 697, 716, 51 S.Ct. 625, 631, 75 L.Ed. 1357 (1931), prior restraint against distribution of pamphlets is particularly suspect. *Lovell v. City of Griffin*, 303 U.S. 444, 451, 58 S.Ct. 666, 668, 82 L.Ed. 949 (1938).

■ In 1973, the Supreme Court of Texas followed the practice of most other American jurisdictions and recognized a legally enforceable right of privacy. *Billings v. Atkinson*, 489 S.W.2d 858 (Tex. 1973). However, this right of privacy has never been considered unlimited. In cer-

tain circumstances, an individual's right of privacy must yield to other, overriding constitutional mandates. *See, e.g., Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 494–95, 95 S.Ct. 1029, 1045–46, 43 L.Ed.2d 328 (1975); *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971). This is particularly true where an individual is a public official, and the distributed information is critical of the conduct of public business or bears on some matter of public concern. In such an instance, the interest in privacy is outweighed by the larger, fundamental interest in free discussion and the dissemination of truth. *See Garrison v. Louisiana*, 379 U.S. 64, 73, 85 S.Ct. 209, 215, 13 L.Ed.2d 125 (1964); *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Thus, courts are extremely reluctant to allow a prior restraint on free speech merely to protect a perceived threat to a public official's limited right of privacy. *See Garrison*, 379 U.S. at 73–79, 85 S.Ct. at 215–18.

In the case at bar, the pamphlets merely published the names and telephone numbers of certain public officials. These same telephone numbers were listed in the telephone directory and in other public documents. The pamphlets had a direct relationship to the public interest, i.e., the lack of public restroom facilities on the Seawall. Thus, Mabe had the constitutional right to publish the pamphlets, regardless of whether the particular public officials were, in fact, empowered to take corrective action with respect to his complaint. *See Gregory v. City of Chicago*, 394 U.S. 111, 115, 89 S.Ct. 946, 948, 22 L.Ed.2d 134 (1969) (Black and Douglas, J.J., concurring). The evidence does not suggest that Mabe's actions were taken solely to harrass the public officials, nor was there evidence that the officials could not have taken measures, such as having their phone numbers unlisted, to protect themselves against unwanted telephone calls. We conclude that the trial court's injunctive order constituted an unwarranted prior restraint on the exercise of Mabe's first amendment right of freedom of speech, and we accordingly sustain his point of error.

The trial court's temporary injunctive order is reversed, and the injunction is ordered dissolved.