James MABE

v.

The CITY OF GALVESTON PARK BOARD OF CITY OF GALVESTON, TEXAS.

Civ. A. No. G–85–445.

United States District Court, S.D. Texas, Galveston Division.

April 4, 1986.

Anthony P. Griffin, Galveston, Tex., for plaintiff.

Ervin A. Apffel, Jr., McLeod, Alexander, Powel & Apffel, Galveston, Tex., Jack C. Brock, Mills, Shirley, McMicken & Eckel, Galveston, Tex., for defendant.

## ORDER

HUGH GIBSON, District Judge.

Plaintiff Jim Mabe, a businessman in Galveston, Texas, instituted this 42 U.S.C. § 1983 action against the City of Galveston and the City Park Board of Trustees (Park Board). Mabe alleges that defendants violated his First Amendment rights by having sought an injunction prohibiting him from distributing certain pamphlets.

Plaintiff's complaint outlines the following facts:

Mabe owns a gift shop on Seawall Boulevard, the beachfront in Galveston. Because of comments made by his customers and other visitors, he became concerned that there were no public restroom facilities on the Seawall. On several occasions, he fruitlessly voiced his concern before the Galveston City Council and the Park Board. In midsummer 1984, he printed and distributed 2000 pamphlets which read, in part:

> "The business operators on Seawall Boulevard apologize for no public restroom facilities on our beachfront."

Right below this message was a list of all Council and Park Board members and their home telephone numbers.

Shortly after these pamphlets were distributed, the named Council and Park Board members began receiving phone calls at home from persons who complained about the lack of restroom facilities. Some of the calls were received during the day, some in the evening, including the very late evening or early morning hours. The phone numbers listed on the pamphlet could be found in the Galveston telephone directory or other documents published by the Park Board.

Thereafter, the City instituted suit against Mabe, alleging that Mabe violated the right of privacy of City officials. The suit, Mabe now alleges, subjected him to financial loss, public ridicule, and embarrassment. On July 24, 1985, the state district court enjoined Mabe from distributing the pamphlets. The appellate court reversed the injunction, *see Mabe v. City of Galveston,* 687 S.W.2d 769 (Tex.Civ.App.—Houston [1st Dist.] 1985), *appeal dismissed,* finding that the injunction constituted an unwarranted prior restraint on Mabe's exercise of his freedom of speech. On October 2, 1985, the City non-suited its action in the state district court.

Mabe alleges that the Mayor of Galveston and the Chairperson of the Park Board, both in their official capacity, were instrumental in the institution of legal action designed to deprive him of his First Amendment rights. Construed in the light most favorable to Mabe, his complaint seems to suggest that defendants initiated suit against Mabe selectively and in bad faith, while knowing well that Mabe's conduct did not amount to an invasion of privacy.

Thus, this Court must decide whether the request for and the issuance of an injunction abridging speech constitute a cause of action under 42 U.S.C. § 1983. Defendants move to dismiss, arguing, *inter alia,* that plaintiff's pleading fails to show a city policy, practice, or delegation of authority necessary to support a § 1983 claim. Without addressing defendants' arguments, this Court reaches the independent conclusion that plaintiff has not established a § 1983 claim. Plaintiff has not pleaded or shown a conspiracy between the judiciary and private litigants, which would arguably bring defendants' conduct "under color of state law" to sustain a § 1983 action.

It is hornbook law in civil rights litigations that a § 1983 claim is conditioned upon two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; and second, the conduct must have deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Whitehorn v. Harrelson,* 758 F.2d 1416 (11th Cir.1985).

The "under color of state law" requirement of the Civil Rights Act is equivalent to the constitutional doctrine of "state action" under the Fourteenth Amendment. *Cobb v. Georgia Power Co.,* 757 F.2d 1248 (11th Cir.1985). The two concepts are treated as coextensive for the purpose of determining jurisdiction under the Civil Rights Act. *Roberts v. Louisiana Downs, Inc.,* 742 F.2d 221 (5th Cir.1984). The "under color of state law" element is essential because section 1983 focuses on the "misuse" of governmental power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law. *Rankin v. City of Wichita Falls,* 762 F.2d 444 (5th Cir.1985).

The Court finds that the City's decision to seek an injunction against Mabe on grounds of privacy is *not* one "made possible only because the City is clothed with authority of state law." *Rankin, Id.* at 448–449. Any private citizen can seek access to the Courts to redress his or her grievances. Indeed, that is the core of the First Amendment's protection. A private actor initiating suits in bad faith does not act under color of state law unless state law compels his action or gives him the authority or pretense of authority to act. *Dahl v. Akin,* 630 F.2d 277, 281 (5th Cir. 1980), *cited in Gresham Park Community Organization v. Howell,* 652 F.2d 1227, 1240 (5th Cir.1981). A private litigant does not act "under color of state law" merely by bringing a lawsuit in the state court or by participating in litigation, without more. *International Molders and Allied Workers, AFL–CIO v. Birmingham,* 459 F.Supp. 950 (N.D.Ala.1978), *affirmed,* 618 F.2d 782 (5th Cir.1980); *Slotnick v. Garfinkle,* 632 F.2d 163 (1st Cir.1980).

Accordingly, the Court concludes the City's suit against Mabe is in the nature of a private action, and as such, does not implicate § 1983 relief. That the litigant happens to be a municipality does not necessarily furnish the "color of state law" requirement. Here, the municipality's status did not make the litigation possible; nor did the decision to sue result from a misuse of power clothed by state law.

The Court must next turn to the issuance of the injunction itself and concludes that plaintiff's claim has again failed.

*Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) and its progeny establish that private parties who corruptly conspire with a judge to procure an injunction act under color of state law. *See also Dykes v. Hosemann,* 743 F.2d

1488, 1494 (11th Cir.1984). The actor must be a wilful, joint participant with the judge. He does not become a joint participant or co-conspirator by merely resorting to court and being on the winning side. *Dennis*, 449 U.S. at 29, 101 S.Ct. at 187, 66 L.Ed.2d at 189–190. Within the context of individual dispute resolution, a private party acts "under color of state law" only when he or she corrupts judicial power. *Earnest v. Lowentritt*, 690 F.2d 1198 (5th Cir.1982). Where a state does no more than furnish a neutral forum for the resolution of disputes and has no interest in the outcome of the lawsuit, the state court's action in issuing an order cannot be imputed to the private party seeking the issuance of the order. *Norton v. Liddel*, 620 F.2d 1375 (10th Cir.1980); *Torres v. First State Bank of Sierra County*, 588 F.2d 1322 (10th Cir. 1978). The existence of a conspiracy, thus becomes the necessary "state action" nexus. *Phillips v. Mashburn*, 746 F.2d 782 (11th Cir.1984); *Phillips v. Vandygriff*, 711 F.2d 1217 (5th Cir.1983); *Dykes v. Hosemann, supra.*

Nowhere in Mabe's nine-page complaint did he allege a conspiracy between City officials and the state judge who issued the injunction. Although the reviewing court later held the injunction invalid, Mabe did not otherwise challenge the propriety of the injunction. Nor did he put at issue the state judge's impartiality. Accordingly, the Court finds that the City did not act under color of state law by merely obtaining an injunctive order from the state court. *See also Cobb v. Georgia Power Co.*, 757 F.2d 1248 (11th Cir.1985).

Hence, it is ORDERED, ADJUDGED and DECREED that defendants' motion to dismiss be, and is hereby, GRANTED.