Norman T. TOMPKINS, M.D. and
Carolyn Tompkins, Plaintiffs
and Counter–Defendants,

v.

Thomas CYR, et al., Defendants
and Counter–Plaintiffs.

No. 3:94–CV–973–R.

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 17, 1995.

Tahira Khan Merritt, Law Offices of Windle Turley, P.C., Dallas, TX, for plaintiffs.

William C. Bundren, Dallas, TX, for defendants.

## ORDER

BUCHMEYER, Chief Judge.

Now before this Court is the Notice of Appeal and Defendants' Objections to Findings and Recommendation of the United States Magistrate Judge. Defendants Thomas Cyr, et al. object to the Magistrate

Judge's Findings and Recommendations filed on January 10, 1995 concerning Plaintiffs' Motion for Summary Judgment on the Defendants' Counterclaim brought under the Civil Rights Act, 42 U.S.C. § 1983.

A party is entitled to a de novo review of a magistrate's findings and recommendations if the party makes timely objections to those findings.[*] Having reviewed all of the documents connected with Plaintiffs' Motion for Summary Judgment that have been submitted to this Court, and having reviewed the applicable law, this Court AFFIRMS the Findings and Recommendations of the Magistrate Judge.

It is therefore ORDERED that Plaintiff's Motion for Summary Judgment is hereby GRANTED.

### FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

KAPLAN, United States Magistrate Judge.

Plaintiffs have filed a motion for summary judgment on a counterclaim brought under the Civil Rights Act, 42 U.S.C. § 1983. The motion has been referred to United States Magistrate Judge Jeff Kaplan pursuant to 28 U.S.C. § 636(b) and Local Rule 1.3.[1] The findings and recommendation of the magistrate judge are as follow:

[*] *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). *See also U.S. v. Wilson*, 864 F.2d 1219, 1221–22 (5th Cir.1989), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989).

1. This motion has been referred to the magistrate judge for "determination." However, a motion for summary judgment under Rule 56 is a dispositive motion that cannot be determined by a magistrate judge without the consent of the parties. *See* 28 U.S.C. § 636(b)(1)(A) and (B). The magistrate judge will therefore issue a report and recommendation in connection with this matter.

2. The state court entered two separate temporary injunctions in this case. The first injunction was entered on April 29, 1993, against the original seven defendants. Plaintiffs subsequently amended their petition to name 33 additional parties. A second injunction was entered on July 9, 1993, against all defendants.

### BACKGROUND

Plaintiffs Norman T. Tompkins and Carolyn Tompkins have sued forty pro-life activists and organizations for intentional infliction of emotional distress, tortious interference with business relationships, invasion of privacy and related torts. Plaintiffs contend that the defendants have harassed them over the past three years because of their beliefs concerning abortion. These activities include: (1) conducting loud and disruptive protests at their home, work and church; (2) near constant surveillance of their daily activities; (3) stalking and following them in their personal and business pursuits; (4) interfering with their employment; (5) placing threatening and abusive phone calls; and (6) writing obscene and harassing letters. Plaintiffs seek monetary damages and injunctive relief.

This lawsuit was originally filed in state court on February 9, 1993. The defendants answered and filed a counterclaim for nominal damages under 42 U.S.C. § 1983. They allege that plaintiffs "have become state actors in concert with the court and officers of the court to seek to obtain injunctive relief which would infringe upon [their] constitutionally protected rights." The defendants agreed to a temporary restraining order pending a formal injunction hearing.

The trial court heard five days of testimony and issued a temporary injunction on April 29, 1993. This injunction limits the time, place and manner of demonstrations held outside of plaintiffs' home and church.[2]

Both temporary injunctions grant substantially the same relief. The orders restrict protests on public property within 300 feet of plaintiffs' home. The defendants are allowed to hold one demonstration each day not to exceed twenty minutes in duration. Only two demonstrations are allowed each week. The demonstrations must be conducted between 9:00 a.m. and 6:00 p.m. and no protests are to be held on Sunday. In addition, the defendants are prohibited from:

    (1) parking or lurking within 1500 feet of plaintiffs' property between the hours of sunset and sunrise;

    (2) demonstrating at the Highland Park Methodist Church on Sundays between 8:00 a.m. and 1:00 p.m.;

    (3) obstructing entry to or exit from any portion of plaintiffs' residential property; and

    (4) intruding within the confines of plaintiffs' home by the use of voices, sound amplifica-

**914**

The defendants perfected an interlocutory appeal. They challenged the temporary injunction on numerous constitutional and procedural grounds. Specifically, the defendants argued that the injunction violated their right to free speech under the state and federal constitutions. The court of appeals affirmed in an unpublished opinion. *Cyr v. Tompkins,* No. 05–93–00850–CV, 1994 WL 110719 (Tex.App.—Dallas, March 30, 1994). The defendants filed an application for writ of error in the Texas Supreme Court. This appeal was abated after the defendants removed the underlying case to federal court.[3]

Plaintiffs have filed a motion for summary judgment on the civil rights claims asserted by the defendants. Plaintiffs contend that they are not state actors and cannot be held liable under 42 U.S.C. § 1983. This motion was originally denied by the state court. Plaintiffs now reurge their summary judgment motion on the same grounds. The defendants have filed a response and the parties have been given an opportunity to fully brief the issues. This matter is now ripe for determination.

### SUMMARY JUDGMENT STANDARD

The standard for granting summary judgment mirrors the standard for a directed verdict. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex,* 477 U.S. at 321–23, 106 S.Ct. at 2552; *Anderson,* 477 U.S. at 249–51, 106 S.Ct. at 2511; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita,* 475 U.S. at 584–88, 106 S.Ct. at 1355–56; *Thurman v. Sears, Roebuck & Co.,* 952 F.2d 128, 131 (5th Cir.), *cert.*

*denied,* —— U.S. ——, 113 S.Ct. 136, 121 L.Ed.2d 89 (1992). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson,* 477 U.S. at 247–49, 106 S.Ct. at 2510; *Gleasman v. Jones, Day, Reavis & Pogue,* 933 F.2d 1277, 1281 (5th Cir.1991).

Plaintiffs have moved for summary judgment on the grounds that they are not state actors under 42 U.S.C. § 1983. The defendants have the burden of proof on this issue at trial. *Frazier v. Northwest Mississippi Regional Medical Center,* 765 F.2d 1278, 1283 (5th Cir.1985), *cert. denied,* 476 U.S. 1142, 106 S.Ct. 2252, 90 L.Ed.2d 697 (1986). In order to prevail on their motion, plaintiffs must point to the absence of any evidence on this essential element of the defendants' counterclaim. *See Celotex,* 477 U.S. at 325–27, 106 S.Ct. at 2554; *Teply v. Mobil Oil Corp.,* 859 F.2d 375, 379 (5th Cir. 1988). The burden then shifts to the defendants to show that summary judgment is not proper. *See Thurman,* 952 F.2d at 131; *Russ v. International Paper Co.,* 943 F.2d 589, 591–92 (5th Cir.1991), *cert. denied,* 503 U.S. 987, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992). The defendants must go beyond the pleadings and designate specific facts in the record which show that there is a genuine issue for trial. *See Celotex,* 477 U.S. at 323–25, 106 S.Ct. at 2553; *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

### PRIVATE LITIGANTS AS STATE ACTORS

Section 1983 provides a cause of action for the deprivation of a federally protected right by a person acting under color of state law. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). The traditional definition of "state action" requires the defendant to exercise power "possessed by virtue of state law and made possible only because the

---

tion equipment, musical instruments, or other noises.

**3.** Defendants removed this case to federal court after plaintiffs filed an amended petition asserting a cause of action under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq.* Plaintiffs do not contest the basis for removal jurisdiction.

wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). However, more recent cases indicate that private conduct "fairly attributable to the state" may be actionable under section 1983. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). This determination requires a two-step analysis. First, the court must ascertain whether the alleged constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority. *Lugar,* 457 U.S. at 936–43, 102 S.Ct. at 2754–56. Second, the court must determine whether the private party could be fairly described as a state actor. *Lugar* 457 U.S. at 939–43, 102 S.Ct. at 2755–56.

■ Courts have applied different tests to analyze the relationship between private parties and state authorities. *Lugar,* 457 U.S. at 936–39, 102 S.Ct. at 2754; *see also Flagg Brothers,* 436 U.S. at 157–58, 98 S.Ct. at 1734 (joint action test); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974) (nexus test); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 170, 90 S.Ct. 1598, 1615, 26 L.Ed.2d 142 (1970) (state compulsion test); *Marsh v. Alabama,* 326 U.S. 501, 506, 66 S.Ct. 276, 278, 90 L.Ed. 265 (1946) (public function test). Most recently, the Supreme Court articulated three factors relevant to this determination: (1) the extent to which private parties rely on state assistance or benefits; (2) whether private parties are performing traditional governmental functions; and (3) whether the alleged injury has been aggravated in a unique way by the incidents of state authority. *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 622, 111 S.Ct. 2077, 2083, 114 L.Ed.2d 660 (1991). Regardless of the label, "[o]nly by sifting facts and weighing circumstances can the nonobvious involvement of the state in private conduct be attributed its true significance." *Lugar,* 457 U.S. at 939, 102 S.Ct. at 2755, *citing Burton v. Wilmington Parking Authority,* 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961).

■ The sanctioned use of private remedies or procedures does not, by itself, rise to the level of state action. *Edmonson,* 500 U.S. at 620–24, 111 S.Ct. at 2083–84. A litigant does not "act under color of state law" by merely filing a lawsuit and seeking a temporary injunction. *Howard Gault Co. v. Texas Rural Legal Aid, Inc.,* 848 F.2d 544, 555 (5th Cir.1988); *Cobb v. Georgia Power Co.,* 757 F.2d 1248, 1251 (11th Cir.1985). Even the misuse or abuse of the judicial process does not constitute state action. *Wyatt v. Cole,* 994 F.2d 1113, 1117–18 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 470, 126 L.Ed.2d 421 (1993); *Dahl v. Akin,* 630 F.2d 277, 281 (5th Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1977, 68 L.Ed.2d 296 (1981). However, state action may exist when "there is corruption of judicial power by a private litigant." *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992); *Earnest v. Lowentritt,* 690 F.2d 1198, 1200 (5th Cir.1982). This requires a showing that "private defendants willfully participated in a joint action with a state official." *McCartney,* 970 F.2d at 47; *see e.g., Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 20, 107 S.Ct. 1519, 1530–31, 95 L.Ed.2d 1 (1987) (Brennan, J., concurring) (state agents were compelled to enforce a final judgment at the direction of a private creditor); *Lugar,* 457 U.S. at 924–25, 102 S.Ct. at 2747 (sheriff executed a writ of attachment obtained in an *ex parte* proceeding); *Howard Gault,* 848 F.2d at 555 (attorney general, district attorney and deputy sheriff were extensively involved in enforcing an injunction).

## DISCUSSION

The issue squarely before the Court is whether plaintiffs are state actors under the facts and circumstances presented in this case. The defendants have the burden of proof on this issue at trial. *Frazier,* 765 F.2d at 1283. Plaintiffs can properly move for summary judgment based on the pleadings and specific assertions that the defendants have failed to establish this essential element of their civil rights claim. *Celotex,* 477 U.S. at 325–27, 106 S.Ct. at 2554. It is then incumbent upon the defendants to des-

ignate specific facts contained in the summary judgment record which show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323–25, 106 S.Ct. at 2553.

Defendants contend that plaintiffs violated their first amendment rights "by continuing to prosecute this litigation, requesting and obtaining a temporary injunction ... and [using] the litigation as a harassment tool." They argue that plaintiffs have used governmental authority to: (1) receive, issue, and serve summons and citations; (2) compel the defendants to retain counsel and defend themselves in court; (3) appear in court and give testimony; (4) prohibit the defendants from engaging in constitutionally protected rights upon the threat of contempt and incarceration; and (5) interfere with the right to speak their conscience and mind in a peaceful manner on public property. The defendants have not submitted any summary judgment evidence or identified any disputed facts. Instead, they assert that the disposition of this motion is controlled by Supreme Court and Fifth Circuit precedent.

Defendants rely primarily on three cases. *Edmonson*, 500 U.S. 614, 111 S.Ct. 2077; *Gresham Park Community Organization v. Howell*, 652 F.2d 1227 (5th Cir.1981); *Henry v. First National Bank of Clarksdale*, 595 F.2d 291 (5th Cir.1979), *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). In *Edmonson*, the Supreme Court held that the discriminatory use of peremptory challenges by private litigants violates the equal protection clause of the United States Constitution. *Edmonson*, 500 U.S. at 615–16, 111 S.Ct. at 2080. The Court found state action based on a federal statute that delegates a critical part of the jury selection process to private parties and their attorneys. *Edmonson*, 500 U.S. at 626–27, 111 S.Ct. at 2086. The majority opinion explicitly reaffirmed that "the initial decision whether to sue at all, the selection of counsel, and any number of ensuing tactical choices in the course of discovery and trial may be without the requisite governmental character to be deemed state action." *Edmonson*, 500 U.S. at 627–28, 111

S.Ct. at 2086–87. Nothing in this case even remotely suggests that a private litigant may become a state actor by filing suit and seeking injunctive relief.[4]

The defendants also argue that the facts of this case are directly on point with *Henry* and *Gresham Park*. In *Henry*, the court found state action because a private litigant can "invoke the full power and authority of the state to enforce [an] injunction." *Henry*, 595 F.2d at 299. This holding was questioned one year later by a different panel of the same court. *See Dahl*, 630 F.2d at 282 n. 4. Yet another panel attempted to harmonize these two cases. *See Gresham Park*, 652 F.2d at 1238–41. In *Gresham Park*, the Fifth Circuit retreated from the broad language used in *Henry* and specifically held that "an immediately enforceable judgment alone is not sufficient to create state action." *Gresham Park*, 652 F.2d at 1239. The court concluded that state action exists when a private litigant obtains injunctive relief under a prohibitory statute or common-law rule. *Gresham Park*, 652 F.2d at 1239. Significantly, both *Henry* and *Gresham Park* involved preliminary injunctions issued pursuant to state statute prohibiting activities protected under the first amendment. *See Henry*, 595 F.2d at 295 (Mississippi statute prohibiting a boycott); *Gresham Park*, 652 F.2d at 1246–47 (Georgia statute preventing interference with business activities). No similar statute or state law exists in this case.

■ The factual assertions contained in the counterclaim and summary judgment response, even if taken as true, do not establish that plaintiffs were acting "under color of state law." The hardships and restrictions imposed on the defendants are natural consequences of the litigation process. The temporary injunction was issued by an independent judicial officer after a five day evidentiary hearing. This order was later affirmed on appeal. The defendants do not allege a corruption of judicial power or conspiracy with the judge. *See Dennis v. Sparks*, 449 U.S. 24, 29, 101 S.Ct. 183, 187, 66 L.Ed.2d 185 (1980); *Mabe v. City of Galveston*, 635

---

**4.** It is interesting to note that the three dissenting justices in *Edmonson* would hold that peremptory strikes exercised by private litigants do not constitute state action. *Edmonson*, 500 U.S. at 631–33, 111 S.Ct. at 2089 (Rehnquist, C.J., O'Connor and Scalia, JJ., dissenting).

F.Supp. 105, 108 (S.D.Tex.1986). There is no evidence that plaintiffs acted unilaterally to compel state officials to enforce an illegal court order. *Cf. Lugar*, 457 U.S. at 933–35, 102 S.Ct. at 2752. The injunction was not based on a prohibitory state statute or rule. *Cf. Gresham Park*, 652 F.2d at 1239. The summary judgment record does not support the characterization of plaintiffs as state actors.

Defendants argue that summary judgment is not proper until there has been a final ruling on the validity of the injunction which allegedly infringes upon their first amendment rights. This argument misconstrues the basis of the summary judgment motion. The issue in this case is not whether the defendants have articulated the deprivation of a constitutional right. They clearly have done so. Rather, the focus is on the status of plaintiffs as state actors. These are separate and distinct inquiries. *Lugar*, 457 U.S. at 929–32, 102 S.Ct. at 2750, *citing Flagg Brothers*, 436 U.S. at 153–57, 98 S.Ct. at 1732–33. The defendants have failed to show that plaintiffs, as private litigants, "willfully participated in a joint action with a state official."

The defendants also point out that the state court previously denied plaintiffs' motion for summary judgment. This argument lacks merit for at least two reasons. First, an order denying summary judgment is interlocutory and does not preclude a subsequent motion on the same grounds. *See Nello L. Teer Co. v. Orange County*, 810 F.Supp. 679, 685 (M.D.N.C. 1992), *rev'd in part on other grounds*, 993 F.2d 1538 (4th Cir.1993). Second, different procedural rules govern summary judgment practice in state court and federal court. *Compare* FED.R.CIV.P. 56 *and* TEX.R.CIV.P. 166a; *McLaren v. Imperial Casualty and Indemnity Co.*, 767 F.Supp. 1364, 1378 (N.D.Tex.1991), *aff'd*, 968 F.2d 17 (5th Cir. 1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1269, 122 L.Ed.2d 665 (1993). These procedural differences may well be outcome determinative in this case. *Compare Celotex*, 477 U.S. at 323–25, 106 S.Ct. at 2553 (Rule 56 does not require movant to negate elements of opponents' claim) *and Citizens First National Bank v. Cinco Explorations*, 540 S.W.2d 292, 294 (Tex.1976) (Rule 166a requires movant to conclusively establish that at least one element of nonmovants' claim does not exist).

Finally, the Court recognizes that any inquiry surrounding the elements of state action is necessarily fact based. *Lugar*, 457 U.S. at 939–41, 102 S.Ct. at 2755. However, summary judgment may be granted when the material facts are not in dispute. *See Rodriguez–Garcia v. Davila*, 904 F.2d 90, 94 (1st Cir.1990). In this case, plaintiffs have made a *prima facie* showing that they are not state actors. Their position is supported by the state court record and applicable case law. The defendants have not designated specific facts or adduced any evidence to dispute that contention. Therefore, summary judgment is proper.

### *RECOMMENDATION*

Plaintiffs' motion for summary judgment should be granted.

DATED: January 10, 1995.