# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 01-21276

JOSE NAVA,

Plaintiff-Appellant,

versus

M/V LEONARDO LEMBO, her engines tackle apparel furniture etc
in rem; DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas, Houston
(No. H-99-4388)

September 17, 2002

Before REAVLEY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Nava appeals the district court's grant of summary judgment on claims brought pursuant

to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C § 905(b), for personal injuries

sustained while working on board the M/V LEONARDO LEMBO. We affirm for the following

reasons:

1.       Nava claims he produced evidence raising an issue of material fact regarding whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

LEMBO breached the turnover duty. While the primary responsibility for longshoremen safety rests with the stevedore, longshoremen may recover from a shipowner if the owner "fails to warn on turning over the ship of hidden defects he should have known." Greenwood v. Societe Francaise de, 111 F.3d 1239, 1245 (5th Cir. 1997); Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156 (1981). Nava acknowledges the alleged hazard that caused his injury was not a hidden defect. Turning over a vessel with open and obvious dangers may still breach the turnover duty if contractors, in order to avoid the danger, would be forced either to leave the job or to face penalties for causing delay. Tepley v. Mobil Oil Corp., 859 F.2d 375 (5th Cir. 1988). Nava offered the affidavit of his supervisor, Jose Anaya, in which Anaya expressed fear he and his employer, Coastal Hydro Services, would be "forced to either leave the job or to face penalties for causing a delay" were Anaya to request the hatch covers be closed. The record indicates Anaya was neither penalized nor forced to leave on the single occasion he requested certain hatches closed. His stated concern is not sufficient to create an issue of material fact, and the district court properly granted summary judgment on this issue.

2.   Nava contends he raised an issue of fact concerning hazards under the control of the vessel. While the primary responsibility for longshoremen safety rests with the stevedore, longshoremen may recover "for injury caused by hazards under the control of the ship." Greenwood, 111 F.3d at 1245. Nava provided Anaya's deposition testimony stating that the only time Anaya asked the vessel to close the hatch covers, his request was granted. This is evidence the alleged hazard was not under the

exclusive control of the vessel. Nava also provided an affidavit signed by Anaya that flatly contradicted Anaya's deposition testimony regarding control of the hatch covers. A party cannot defeat a motion for summary judgment by using an "affidavit which impeaches, without explanation, sworn testimony." S.W.S. Erectors, 72 F.3d 489, 495 (5th Cir. 1996).

3. Nava argues he presented evidence giving rise to a genuine issue of fact regarding LEMBO's breach of the duty to intervene. While the primary responsibility for longshoremen safety rests with the stevedore, longshoremen may recover from a shipowner if the "owner fails to intervene in the stevedore's operations when he has actual knowledge both of the hazard and that the stevedore, in the exercise of obviously improvident' judgment, means to work on in the face of it and therefore cannot be relied upon to remedy it." Greenwood, 111 F.3d at 1245. Nava offered various proofs that LEMBO had actual knowledge of the alleged hazard, but did not offer any evidence that Anaya was obviously improvident in deciding the open hatches, though dangerous, were safe enough. Helaire v. Mobil Oil Co., 709 F.2d 1031, 1039 n.12 (5th Cir. 1983).

4. Finally, Nava claims he demonstrated an issue of material fact that the open hatches actually created a hazard. A vessel owner owes a stevedore and its longshoremen employees the duty to exercise due care under the circumstances, but the shipowner may rely on the stevedore to avoid exposing the longshoremen to unreasonable hazards. Randolph v. F. Laeisz, 896 F.2d 964, 970 (5th Cir. 1990). Nava proffered evidence that the open hatch and hoses strung along the main deck deprived him of

3

a reasonably safe and seaworthy vessel. Yet Nava failed to provide any evidence that the vessel could not rely upon Coastal, Nava's employer, and Anaya, Coastal's representative on board the vessel, to ensure that Coastal employees were not exposed to unreasonable hazards. Instead, the record indicates Coastal's employees wanted the light made possible from the open hatches. It further shows Anaya chose not to attempt to mitigate the alleged hazard until it was time to pack up the hoses and equipment. This is fatal under the circumstances because LEMBO was entitled to rely on Anaya's expertise for the safety of the longshoremen. Summary judgment is proper on this ground alone.

The judgment of the district court is AFFIRMED.